THOMAS M. STRICKLAND, P. W. SESSIONS, H. B. WORDE-
HOFF, D. L. CRUM AND OLIN S. WRIGHT, *Appellants,*
V. ANDREW J. KNIGHT, DANIEL J. GALVIN, B. W.
BRANCH, CHARLES B. WARE AND J. D. POLLARD, AS
COUNTY COMMISSIONERS OF THE COUNTY OF HILLS-
BOROUGH, FLORIDA, *Appellees.*

A temporary injunction restraining county commissioners until the
further order of the court from issuing to one F. a license for
the sale of liquors in a certain precinct, on the ground that such
sale was unlawful in that precinct as a result of a local option
held in the county, was dissolved. An appeal was taken, and
supersedeas granted suspending the effect of the order dissolv-
ing the injunction. Pending this appeal and supersedeas the
commissioners, upon advice of counsel, granted a permit for
the sale of liquors for a new business year. The action of the
chairman of the board who put the motion for such permit and
declared it carried, of the members of the board who voted for
the permit and of the attorney who advised it, was contempt of
the appellate court.

This case was decided by the court *En Banc.*

Appeal from Circuit Court for Hillsborough county.

### Statement.

On January 8, 1903, appellants filed their bill in equity in the Circuit Court of Hillsborough county against the appellees alleging, among other things, that in 1887 an election was duly held in said county in accordance with the provisions of Article XIX of the present constitution and laws made in pursuance thereof; that by the result of said election as declared by the county commissioners the

majority of the votes cast was in favor of the sale of in-
toxicating liquors, but that in certain precincts, including
precinct No. 19, the majority of the votes cast as so declared,
was against the sale of such liquors; that within three weeks
prior to the filing of the bill one George E. Faison had given
notice by publication of his intention to make application to
the appellees for a permit to sell liquor in said precinct No.
19, and that attached to said notice was a petition purport-
ing to contain a majority of the qualified voters of said
precinct which notice and petition were apparently in con-
formity to the requiements of law; that on January 6, 1903,
said Faison presented to appellees his said application for
a permit; that appellants were present and protested against
its being granted, but that appellees expressed their intention
of being guided by the advice of Barron Phillips, their legal
adviser; that Phillips subsequently stated that in con-
sequence of an order made by him while Circuit Judge in
1894 or 1895, by which the election of 1887 was declared
void, he would advise appellees to grant Faison's permit;
that in view of the premises the appellees would on January
7, 1903, at 2 o'clock P. M., entertain and grant said permit
if not enjoined. The bill also alleged upon information and
belief that the order made by said Phillips when Circuit
Judge was made in a mandamus proceeding instituted by
one Cal Floyd against the county commissioners of Hills-
borough county to compel them to issue a permit to sell
liquors in one of the precincts in which the majority vote
was against such sale; that the matters set up in said pro-
ceeding as grounds for avoiding said election were untrue;
that no issue of fact was raised in said proceeding; that
Floyd falsely and fraudulently repesented to the court in
said proceeding that said grounds were true; that no record,
note or paper relating to said mandamus proceeding could be
found upon the records of the Circuit Court of Hillsborough
county, and that there was nothing upon said records to
show that any such proceeding was ever instituted or carried
on in said county. The bill prayed, among other things,

that an injunction issue against appellees restraining and enjoining them from granting any permit to sell liquors, wines and beer to said Faison for precinct No. 19, and that such injunction be made perpetual. On January 7, 1903, the court made an order that appellees "are hereby enjoined and restrained from granting to George E. Faison a permit to sell liquors, wines and beers for precinct No. 19 until the further order of this court."

On January 28, 1903, the judge of the sixth circuit being absent from the State, application was made by appellees to the judge of the fourth circuit for dissolution of the injunction, and upon said application the court vacated the injunction upon the ground that there was no equity in the bill, from which order appellants entered their appeal to this court.

On February 18, 1903, the Chief-Justice made an order that said appeal operate as a supersedeas of the order vacating the injunction so that the vacation of the injunction be suspended by such supersedeas, upon conditions therein named, which were subsequently complied with.

On July 14, 1903, a motion to advance the cause for hearing upon the dockets of this court was made. The motion was based upon the grounds that the cause was one of public right and involved public interest, and upon the further ground that subsequent to the decision in the mandamus proceeding instituted by Cal Floyd, the county commissioners had regarded the election of 1887 void and issued permits to sell liquors in certain precincts other than No. 19 which voted against the sale at said election, and that an early decision of this case would be necessary to guide the county commissioners in determining future applications for permits to sell liquors in precinct No. 19 and other precincts voting against the sale of liquors at said election, and to enable the State and county to collect its revenue for licenses to be issued in such precincts, if licenses could be issued therein. There was no suggestion that Faison would attempt to comply with the law and renew his application

for a permit for the new license year beginning October 1st, 1903, and though an affidavit filed with the motion to advance made by one of the appellees stated that he believed an application would again come from precinct No. 19 for a permit for the year beginning October 1st, 1903, no facts justifying such belief were stated, and it was not even suggested that any one believed that Faison would renew his application at that time. In opposition to the motion to advance, an affidavit made by one of the appellees was filed by appellants, stating that the county of Hillsborough was only a nominal party to the proceeding; that the cause was being defended in the name of appellees as county commissioners by Geo. E. Faison, the individual seeking a whiskey permit; that the county commissioners had not employed the attorneys who were defending the suit in the name of the county, but were permitting them to use the names of the commissioners, though such attorney merely represented Faison; that the commissioners had never passed a resolution asking for the advancement of the cause, and that the motion to advance was made at the instance of Faison or for those whom he represented in seeking to secure a whiskey permit. At the hearing on July 14, 1903, this court denied the motion, stating as its reason "that application for advancement had been delayed until the court is upon the eve of its summer recess, in consequence of which there will not be time to dispose of the case prior to October, 1903, at which time the license involved in the case will have expired by law, and, therefore, that the decision of the cause then would be of no substantial benefit to any of the parties."

On December 8th, 1903, a rule *nisi* based upon affidavit of appellants' attorney was issued by this court against appellants Branch, Ware and Galvin and against W. O. Hobbs who since the appeal succeeded Andrew J. Knight as a member of the board of county commissioners of Hillsborough county, and against Barron Phillips the attorney for said board, requiring them to show cause why they should not be held in contempt for a violation of the super-

sedeas. The rule alleges that after the supersedeas was perfected and with due notice thereof the county commissioners of Hillsborough county by a majority vote, granted to Geo. E. Faison a permit to sell liquors, wines and beer in precinct No. 19; that Branch, Ware and Hobbs voted for the motion to grant the permit; that Galvin as chairman participated by putting the motion, declaring it carried, and that said permit should issue, and that Barron Phillips the attorney for the board advised the granting of said permit. From the facts as disclosed to the court, it appears that the permit so granted was for the license year beginning October 1st, 1903, and ending September 30th, 1904; that the board refused to grant a permit for any part of the license year beginning October 1st, 1902, and ending September 30th, 1903, and that their action in each instance was due to a belief on their part, and on the part of their attorney that this court in its order denying the motion to advance the cause had held in effect that the proceedings upon appeal involved only the permit for the license year ending September 30th, 1903, and that therefore, the supersedeas granted did not prohibit them from issuing a permit for the license year beginning October 1st, 1903; that subsequent to the beginning of the new year Faison complied with the statutes and in November, 1903, presented another application for a permit for the new license year, and the commissioners under the advice of their attorneys believing that the election of 1887 had been declared void in the mandamus proceeding instituted by Cal Floyd, and that the supersedeas granted in this case did not affect their right of issuing a permit for the new license year, granted the application, it having been made and presented in accordance with the statutory requirements. Other facts are stated in the opinion.

*Barron Phillips* and *John P. Wall* for appellants.

*D. C. McKinnon* and *Victor H. Knight* for appellees.

CARTER, J. (*after stating the facts*).—The question now for decision is whether the parties named in the rule to show cause violated the supersedeas order in granting the permit to Faison in November last. The bill for the injunction was not based upon any ground applicable only to a permit for the license year ending September 30, 1903, but was predicated upon the result of an alleged election held in 1887 prohibiting the sale of liquors in precinct No. 19. The prayer was not confined to a permit for any particular year, but prayed an injunction against the granting of any permit. The injunction issued forbade the respondents from granting any permit until the further order of the court. It can not be doubted that the bill is framed upon the theory that it would be unlawful to issue a permit to sell liquors in precinct No. 19 so long as the status created by the election of 1887 exists and the prayer seeks to protect this status by enjoining the issuance of any permit. The effect of the supersedeas suspending as it does the effect of the order vacating the injunction is as broad as the injunction and prohibits the granting of a permit to Faison for any license year so long as it remains in force. The order refusing to advance the cause does not modify or change the effect of the supersedeas which still remains in full force, and these conclusions force us to hold the respondents in contempt for violating the supersedeas order. It is insisted, however, that the court upon the motion to advance construed the bill and the temporary injunction as involving only a permit for the license year beginning October 1st, 1902, and that if such construction is correct, the respondents did not violate the supersedeas by granting a permit for the subsequent license year. Looking at the order alone we must admit that such a construction is permissible from its language, and we are satisfied from the facts before us that the respondents misapprehended the language used and that they would not have granted the permit but for such misapprehension. But when the language of the order is considered in connection with all the

Strickland et al. v. Knight et al.—Opinion of Court.

facts upon which the court acted it will be seen that the construction placed upon it by respondents is erroneous. It was shown upon that application that Faison was the real party who moved advancement, though he did so in the names of the commissioners, and it was not suggested to the court that he contemplated renewing his application for another license year, so that at the time the motion to advance was decided there was no showing that any license to Faison other than that which would expire October 1st, 1903, was or would be involved, and under these circumstances it was not thought that a decision in advance of the regular hearing would be necessary to protect any right he might desire to exercise. In view of these facts. the language of the order will be understood to mean that as the court could not hear the case if advanced before October, at which time the only license desired by Faison would have expired, and, therefore, a decision then, rather than one in due course, would be of no substantial benefit to any of the parties, the motion would be denied. The court is satisfied that while the respondents are technically guilty of a violation of the supersedeas order, they acted in good faith, believing, and having reason to believe, from the language used by this court, that the permit issued by them was not covered by the supersedeas order, and that their action was not actuated by any disrespect for the orders of this court. In view of this, and the further fact that if it be true that no license to sell intoxicating liquors in precinct No. 19 can lawfully issue, the permit granted in violation of the supersedeas order will be void, the court will impose no punishment upon the respondents except that they pay the cost of this contempt proceeding.

TAYLOR, C. J., and MAXWELL, SHACKLEFORD, HOCKER and COCKRELL, JJ., concur.