THOMAS CONTE, Plaintiff-Appellant, *v.* MARVIN O. HORCHER, Chief of Police of the Village of Wheeling, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-377

Opinion filed June 16, 1977.

Mel Cahan, of Chicago (Lurie, Orth, Cahan, Kallen & Rotche, of counsel), for appellant.

John M. Burke, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Thomas Conte, appeals from an order dismissing his complaint as to Marvin O. Horcher, chief of police of Wheeling, the Village of Wheeling and its police department, and the Board of Fire and Police Commissioners for the Village of Wheeling.

The plaintiff, a Wheeling police lieutenant, was ordered by Chief Horcher on November 18, 1975, to undergo a psychiatric examination relating to an incident occurring on September 13, 1975, between

Lieutenant Conte and Raymond P. Nilles. On September 13, plaintiff reportedly had used force to subdue Mr. Nilles who was in police custody. Plaintiff had directed a written report of the incident to Chief Horcher.

Lieutenant Conte responded to the order by requesting clarification of the date of the examination from Chief Horcher and also appealed to the chief for reconsideration of the order, stating that he felt the order was arbitrary and unauthorized punishment, and that it would appear so to fellow officers; that the investigative procedure was incomplete and punishment premature, and that the order would be personally traumatic to him and his family. He concluded that the order was unlawful, unjust, and unreasonable.

Plaintiff's complaint alleged, in pertinent part, that the police chief's order was unlawful because the authority to order psychiatric examinations rests solely with the Board of Fire and Police Commissioners, the order was an unauthorized form of discipline, and it was arbitrary, capricious, and unreasonable under the circumstances. He further alleged that the examination would distress, embarrass, and expose him and his family to ridicule. He also alleged that he had exhausted all administrative remedies. His request sought a declaration that the order was unlawful.

Motions to strike and dismiss the complaint were filed by the Village and the Board of Fire and Police Commissioners. Horcher alleged that his order was proper, lawful, and not disciplinary in nature, and, therefore, no justiciable controversy existed between the parties. The Board alleged that the plaintiff failed to complain about an overt act on its part and that the chief had the authority to issue the order. The motions were granted, the trial court finding that the action should have been brought under the Administrative Review Act, and that no justiciable controversy existed, and, further, that the complaint did not state a cause of action. An appeal was taken from this order.

■■■ The basic issue presented for review is whether the order of the police chief requiring plaintiff, a police officer, to undergo a psychiatric examination was valid and proper. The law is established that a police chief or superintendent has the power to order a physical examination of policemen to remain informed about the policemen's physical capabilities, in order to be able to determine their ability to perform their duties. (*People ex rel. Wayman v. Steward* (1911), 249 Ill. 311, 315, 94 N.E. 511, 512; *People ex rel. Ryan v. Civil Service Com.* (1969), 117 Ill. App. 2d 50, 58, 253 N.E.2d 913, 917.) In *People ex rel. Ballinger v. O'Connor* (1957), 13 Ill. App. 2d 317, 323-24, 142 N.E.2d 144, 146-47, the court extended the police chief's powers to include the power to order psychiatric examinations when it noted:

"There seems to be no question as to the right and power of the commissioner of police to, from time to time, conduct physical and *mental* examinations in order to determine whether or not patrolmen are able to perform duties required of them." (Emphasis added.)

The Illinois Appellate Court has even gone so far as to hold that the commanding officer has the power to order a policeman to submit to a polygraph examination in order to maintain effective and efficient operation of the police department. (*Coursey v. Board of Fire and Police Commissioners* (1967), 90 Ill. App. 2d 31, 43, 234 N.E.2d 339, 344-45.) Relying on the above cases, it is clear that Chief Horcher had the power and authority to order plaintiff to submit to psychiatric examination.

The chief's authority to issue orders is limited to such orders as are necessary to assure the effective performance of the department. (Wheeling Police Department, Manual of Rules and Regulations §201.01 (1973).) It is the duty of the police chief to maintain a capable and efficient force. An examination, either physical or mental, enables the chief to ascertain the qualifications of a person to perform particular duties or fill a particular position. Also, examinations aid him in assigning policemen to particular responsibilities. It is evident that the chief's order here was not only valid and proper, but also necessary to assure the effective performance of the department.

■■ ■ Next, plaintiff urges that he has stated a cause of action for declaratory relief. A party may obtain declaratory relief when an actual controversy exists. (Ill. Rev. Stat. 1975, ch. 110, par. 57.1.) Once it is determined that the police chief's order was valid and proper, the only allegations remaining are that the plaintiff suffered emotional distress and feels that the order is punitive in nature. These allegations have not defined an actual controversy between plaintiff and Chief Horcher for which declaratory relief could be granted. Secondly, no cause of action has been set forth against the Board of Fire and Police Commissioners, no actual controversy exists between the Board and plaintiff, and plaintiff failed to ask for relief from the Board. Therefore, the court could not grant declaratory relief as to the Board. The trial court was correct in dismissing the complaint. To allow declaratory relief here might well flood the courts with spurious lawsuits attacking the propriety of similar orders and prevent the proper administration of police departments throughout the state.

■■ Finally, plaintiff urges that the trial court committed error in holding that the Illinois Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) applied to the instant case. The Administrative Review Act applies to and governs "every action to review judicially a final decision of any administrative agency, where the act creating or

conferring power on such agency, by express reference, adopted the provisions of this act." (Ill. Rev. Stat. 1975, ch. 110, par. 265.) We have been unable to find any statute conferring on the police chief the power to order a policeman to submit to psychiatric examination which has expressly adopted the Administrative Review Act. Because the Administrative Review Act was not expressly adopted in this instance, the trial court was incorrect in holding that the Act applied to this case (see *People ex rel. Hillison v. Chicago, Burlington & Quincy R.R. Co.* (1961), 22 Ill. 2d 88, 92, 174 N.E.2d 175, 176). This error is of no consequence, however, because the appellate court is not bound by the reasons given by the trial court for its decision. (*Donow v. Board of Trustees* (1974), 21 Ill. App. 3d 139, 144-45, 314 N.E.2d 704, 708.) A reviewing court will affirm the judgment of the trial court if it is justified in the law for any reason or ground appearing in the record regardless of the reasons given by the trial judge. (*W. F. Smith & Co. v. Lowenstein* (1972), 4 Ill. App. 3d 153, 159, 280 N.E.2d 547, 552.) As set forth earlier in this opinion, there are justifiable reasons for dismissing plaintiff's complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.