372 So.2d 945 (1979)
FRATERNAL ORDER OF POLICE LODGE 92 and Tom Warwick, and All Others Similarly Situated, Appellants,
v.
William A. FREEMAN, Sheriff of Monroe County, Appellee.
No. 78-2058.
District Court of Appeal of Florida, Third District.
May 16, 1979.
Rehearing Denied July 2, 1979.
*946 Weinsoff & Weinsoff and Robert D. Klausner, Miami, for appellants.
Madigan, Parker, Gatlin, Swedmark & Skelding and Ronald A. Labasky, Tallahassee, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
This appeal is from a final declaratory judgment in an action brought by the plaintiff-appellants against William Freeman, Sheriff of Monroe County. The complaint purported to be in a class action and was brought by the Fraternal Order of Police, Lodge 92, Tom Warwick and all others similarly situated.[1]
The complaint alleged that new employment practices were announced by the Sheriff including (1) polygraph examinations to be administered to all deputy sheriffs, (2) psychiatric examinations to be administered to all deputy sheriffs, employees and applicants for employment, (3) financial disclosure to be required on a yearly basis. It was further alleged that the results of the examination of the financial disclosure will be made a matter of public record and that the questions to be asked upon all the examinations are "highly personal questions relating to sexual habits, family relationships and similar matters."
After trial, the court found:
* * * * * *
"The Sheriff admits that he has announced a policy of requiring financial disclosure, psychological examinations, (by amendment presented at this hearing) to in fact mean psychological objective examination conducted by duly licensed clinical psychologist touching on factors affecting the person being tested as to fitness to serve as a deputy sheriff, and polygraph examinations.
"The first question to be answered is whether or not the sheriff has the authority to appoint and terminate appointment of deputies without restriction.
"The sheriffs of the State of Florida are constitutional officers. (Article VIII Constitution of the State of Florida 1968.) The duties and responsibilities pursuant to that constitutional mandate have been legislatively set forth in Chapter 30 of the Florida Statutes 1977. § 30.07 F.S. 1977 relates specifically to the sheriff's authority to appoint deputies.

*947 "Efficient law enforcement is one of the highest priorities that a government can afford its citizens. In order that the citizens of this State may have confidence that the police power of the government will be exercised diligently, efficiently and without favor, they have delegated to the sheriffs of the counties by the constitution, and the statutes promulgated thereunder absolute authority for the enforcement of laws within each County. The sheriffs are placed in this office of trust by the election of the people.
"It has been uniformly held by the Courts of this State and other jurisdictions that deputy sheriffs are not employees of the sheriff but officers. That they are not hired but they are appointed and that they are public officials. Blackburn v. Brorein 70 So.2d 293 (S.Ct. 1954); 70 Am.Jur.2d, Sheriffs, Police and Constables, § 2.
"A situation exists in Monroe County that was addressed by the court in the Blackburn case supra as shown by the following quote:
`The deputy sheriffs who are parties to this cause were deputies under a former sheriff. The present sheriff was elected as a result of a heated and vigorous campaign in which he pledged to the people of Hillsborough County a `change in policy.' How could the sheriff keep his promise to the people if he must accept the same deputies selected by a former sheriff ...? Under such a scheme the hands of the sheriff could very well be tied and he could not keep any promise he might have made.'
The question of whether deputy sheriffs are officers or employees was last addressed by a court of this State in Murphy v. Mack 358 So.2d 822 (S.Ct. 1978). While this case relates to the classification of deputies as employees relative to Chapter 447 Florida Statutes (1975) it is very instructive that even under this collective bargaining statute since the legislature refused to define deputies as employees, the Supreme Court of this State has refused to step in and to change the long existing law that deputies are officers appointed by the sheriff and not employees. The other interesting point of law to be gleaned from this opinion by the Supreme Court is that they exercise jurisdiction because opinions of the District Court affect a class of constitutional officers.
"The law as stated in Johnson v. Wilson 336 So.2d 651 (D.C.A. 1 1976) holds that a sheriff may withdraw the appointment of a deputy without notice and without a specific reason being cited, the deputy being an officer and not an employee.
"In summary the following are inescapable to this court:
"(a) Sheriffs in the State of Florida are constitutional officers.
"(b) They have a right to appoint deputies.
"(c) Deputies are officers and not employees.
"(d) They have the right to withdraw the appointment of deputies without stating a specific reason.
"The above being true the courts can then only interfere with the requirement the sheriffs may place on the deputies if the same is unreasonable, arbitrary, capricious or without the constitutional grant of authority, to the sheriff or stating in another way if the requirement sought to be imposed would be violative of the deputies' individual constitutional rights.
"In this era of the citizens questioning the institutions of government they have created and the exercise of the authority given by them to their elected officials, various legislative bodies have required of elected and appointed officials the revealing of certain information that may indicate matters that would be detrimental to the public welfare in the officials' exercise of the authority granted them. Any democratic government and any facet of any democratic government must have the confidence and respect of the people in order to insure tranquility and to maintain the respect of the people. This is so in a democratic society so that their *948 laws will tend to become self enforcing. With these precepts in mind this court finds that the requirements sought to be imposed by the sheriff upon his existing deputies are within this authority and do not exceed the authority vested in this constitutional officer. The specific requirements in this case are:
"1. Financial disclosure substantially shown as on Defendant's Exhibit 1 in evidence.
"2. Psychological examinations administered by a duly licensed psychologist as to job related matters, and
"3. A polygraph examination."

I.
The appellants present two points on appeal. The first urges that deputy sheriffs have tenure on the same terms and conditions as their principal. It is, thereupon, urged that deputy sheriffs have an office and that such property right cannot be removed without due process. It is argued that the trial judge's determination that the Sheriff of Monroe County had the authority to impose any test or qualification is erroneous. As an incident to this argument, it is urged that Section 943.01 et seq., Florida Statutes (1977), provides minimum standards which must be met before a person may be certified as a "police officer" and that, accordingly, the legislature has preempted the task to itself of setting standards for police officers. It is argued, therefore, that the court improperly determined that the sheriff had the right to hire and fire his own deputies.
We reject these arguments and affirm that portion of the final judgment which holds that the Sheriff of Monroe County has the authority of prescribing tests and regulations pertaining to the appointment and termination of deputy sheriffs. The courts of Florida have clearly stated that a deputy sheriff is an appointed officer and not an employee. See Blackburn v. Brorein, 70 So.2d 293, 298-299 (Fla. 1954); and Evans v. Hardcastle, 339 So.2d 1150 (Fla. 2d DCA 1976). See also Ison v. Zimmerman, as Sheriff of Brevard County, 372 So.2d 431 (Fla. 1979), opinion filed 5/3/79, which finds no merit in a contention that Chapter 447, Florida Statutes (1976), extends relief to a discharged deputy sheriff, but which upholds a special act creating a civil service commission for employees of the office of the Sheriff of Brevard County. Thus, the question is not whether the sheriff has unfettered power but whether he has the power to adopt reasonable requirements for the deputies he wishes to appoint or retain. As will be pointed out later in this opinion, this does not suggest that the power of the sheriff is beyond any check with regard to constitutionality and reasonableness.
The appellants' second point urges that the present practice of the Sheriff of Monroe County, as revealed by the record in this case, shows that the practices which the circuit court refused to enjoin violate rights protected by the Constitutions of the United States and State of Florida. While we cannot agree that the present record shows such a violation, we do agree that the potentialities for such violations exist in the alleged scope of the examinations, particularly with regard to their publication. It is not at all unreasonable that a sheriff, by the use of tests and examinations and the requirement of financial disclosure, ought to be able to determine the fitness of deputies he proposes to appoint or retain. See Conte v. Horcher, 50 Ill. App.3d 151, 8 Ill. Dec. 329, 365 N.E.2d 567 (Ill. 1st Dist. 1977). It is quite another matter to hold such individuals up to public ridicule or disparagement by the revelation to the public of the contents of these examinations and disclosures. See the considerations of law and legal principles expressed in Byron, Harless, Schaffer, Reid and Associates, Inc. v. State ex rel. Shellenberg, 360 So.2d 83 (Fla. 1st DCA 1978). See also Roe v. Wade, 410 U.S. 113, 152-153, 93 S.Ct. 705, 35 L.Ed.2d 147, 176-177 (1973). Accordingly, our affirmance of the declaratory judgment of the trial court is not intended by us to pass upon the necessity for, or the extent of, the controls that must be exercised by the sheriff or, in his failure to act, by the court, *949 with regard to the methods for the administration and maintenance of the various examination and test results. The judgment of this court is without prejudice to the determination by the circuit court that any procedure put into effect amounts to a violation of an individual's constitutional right to privacy.

II.
One additional matter before this court must also be dealt with. A notice of appeal in this cause was filed on November 2, 1978. Thereafter, the appellants filed with us a motion for emergency hearing and stay of execution. Pursuant to that motion, this court entered an order on November 7, 1978, providing that the motion was considered as an application for constitutional stay writ and, thereupon, we "ordered that the effect of the final judgment is hereby stayed pending the disposition of this appeal." The appellee sheriff filed herein a motion to dissolve the constitutional stay writ and alternatively to clarify the writ's application. Thereafter, the appellants filed a motion for the imposition of sanctions alleging (but not under oath) that the appellee sheriff had violated this court's order and in contempt thereof had proceeded to administer polygraph examinations and had "reassigned" four persons and threatened to fire them for their failure to take these examinations. The appellee filed a response to the appellants' petition for sanctions denying the alleged violation and urging that the polygraph examinations had been used, but only in the course of internal investigations of the sheriff's personnel upon disciplinary procedures. We are concerned that the petition for sanctions and appellee sheriff's response thereto show a possibility that the sheriff has acted in contempt of this court's order.
It should be pointed out that when the constitutional stay order was entered by this court, the effect of our order was to render the trial judge's judgment inoperative and the sheriff's action in proceeding as though the trial judge's order was still in effect may have been in contempt of our stay order.
We will, therefore, retain jurisdiction of this cause after the issuance of the decision and mandate for the purpose of determining whether the Sheriff of Monroe County has acted in contempt of this court's constitutional stay order.[2] We will, by separate order, appoint a circuit judge of the Sixteenth Judicial Circuit as a commissioner to determine whether the Sheriff of Monroe County has acted in contempt of this court's constitutional stay order. Upon the report of the commissioner to this court, we will take such further proceedings herein as appear meet and proper.

III.
Accordingly, we affirm the declaratory judgment of the trial court as written; we amend the judgment by reserving to the circuit court the right to determine the constitutional questions presented; and we reserve to this court the jurisdiction set forth above.
Affirmed.
NOTES
[1] The judgment finds without challenge:

"The parties have stipulated that the plaintiff has standing to bring this action; that William A. Freeman is the duly elected and qualified sheriff of Monroe County, Florida; that Monroe County, Florida, has no special legislation that would make the deputies of the sheriff subject to any civil service commission or requirements and/or career service employment; that the deputy sheriffs of Monroe County, Florida are not municipal law officers."
[2] See State ex rel. Martarano v. Robles, 109 Fla. 528, 147 So. 910 (1933); Strickland v. Knight, 46 Fla. 467, 35 So. 868 (1904); and 4 Am.Jur.2d Appeal & Error § 371 at p. 846.