*In re* MARRIAGE OF DONNA D. BRAMSON, Respondent-Appellee, and DAVID J. BRAMSON, Petitioner-Appellant.

First District (5th Division)    No. 80-0344

Opinion filed September 25, 1981.

Muller Davis and Roderick E. MacRae, both of Jones, Baer & Davis, of Chicago, for appellant.

Grubman, Pritikin, Feldman and Sohn, of Chicago (James B. Pritikin, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal follows a supplementary judgment which disposed of

the marital assets, provided for limited maintenance and child support, and ordered each party to pay their own court costs and attorneys' fees. Respondent appeals from that portion of the order providing for limited maintenance and requiring her to pay her own attorneys' fees and court costs.

Petitioner and respondent dissolved their 20-year union on December 27, 1978. A supplemental judgment on January 8, 1980, awarded respondent $750 in unallocated monthly maintenance and child support until the youngest of the two children reach majority; thereafter, respondent would receive 5 years of maintenance at $500 per month. Respondent was made responsible for her own attorneys' fees in the sum of $5,205.

At the hearing, the evidence disclosed that petitioner is a CPA and had a projected 1979 income of $67,000 to $73,000. He owns a condominium and belongs to an exclusive country club where his employer pays 100% of the membership expenses. His 1978 income was $106,000 but a substantial sum of it was used to purchase partnership capital as required under the merger agreement with his present company. His actual gross income for 1978 was in the mid 60's. He estimated his monthly expenses at $5,570, which includes the college expenses for his daughter.

Respondent has worked as a salesclerk for the past two years and in 1978 she earned $7,825. She was not employed during the first 18 years of their marriage. She estimated her monthly expenses at $3,210 in order to maintain the lifestyle the parties enjoyed during their marriage. She has also inherited $5,000 from her deceased aunt and is the sole surviving heir of her deceased father, whose will had not been probated at the time of this hearing.

OPINION

Respondent initially argues that she should receive permanent alimony. In support of her position, she cites their 20-year marriage, her unemployment for 18 of those 20 years, and that her earnings as a salesclerk are approximately $7,800 annually, with estimated monthly expenses at $3,200.00.

■■ The alimony award rests within the sound discretion of the trial court and will not be disturbed on review unless it amounts to an abuse of discretion or is against the manifest weight of the evidence. (*In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 426 N.E.2d 1066; *Schuppe v. Schuppe* (1979), 69 Ill. App. 3d 200, 387 N.E.2d 346.) Upon deciding that maintenance is warranted, the trial court will take into account what needs are reasonable, considering such factors as the standard of living during the marriage, the duration of the marriage, age, education, property and other resources available to each of the parties. (Ill. Rev.

Stat. 1977, ch. 40, par. 504(b); *In re Marriage of Goldstein* (1981), 97 Ill. App. 3d 1023, 423 N.E.2d 1201.) Employment or potential employment of the spouse seeking alimony is only one factor to consider in determining whether alimony should be awarded, and its duration. (*Bellow v. Bellow* (1981), 94 Ill. App. 3d 361, 419 N.E.2d 924.) The court is also permitted to consider factors not listed in the Act. See *In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 409 N.E.2d 321.

Petitioner, in this instance, has made significant advances in his career and financial status in the past 20 years. He has an income of approximately $67,000 annually, is a partner in an accounting firm, and owns a condominium. During their 20-year union, respondent and petitioner enjoyed a very comfortable lifestyle. We note at the outset that the alimony award is "an incentive to assist one in reclaiming employment skills outside the home which have atrophied during the marital relationship." (Ill. Ann. Stat., ch. 40, par. 504(b)(2), Historical and Practice Notes, at 529 (Smith-Hurd 1980).) Further, its objective is also to enable a formerly dependent spouse to acquire financial independence for the future.

■■ With this objective in mind and under the circumstances of this case, we believe that the trial court abused its discretion in limiting maintenance to a maximum period of five years after the youngest child attains majority (for a total period of approximately 7 or 8 years). It appears that this provision of the trial court's order was based on speculation as to the future condition of the parties, specifically, that respondent's employment income would be sufficient to support her needs. (*In re Marriage of Pieper* (1979), 79 Ill. App. 3d 835, 398 N.E.2d 868.) Should respondent's income increase as a result of employment or other sources of support, or should there be a substantial change in the circumstances of the parties, either of them can petition for a modification of the maintenance award. (See Ill. Rev. Stat. 1977, ch. 40, par. 510; *Schuppe v. Schuppe.*) However, at this time, a limit on the duration of the alimony period is inappropriate.

■■ Respondent next asserts that the monthly alimony amount is insufficient. In deciding on the amount of the maintenance award, the trial court applied the factors set out in the Act to the evidence adduced at trial. Respondent is necessarily encouraged to seek full employment and to "obviate marriage-conditioned needs". (Ill. Ann. Stat., ch. 40, par. 504(b)(2), Historical and Practice Notes, at 529 (Smith-Hurd 1980).) We cannot conclude that the amount awarded is an abuse of discretion or is against the manifest weight of the evidence. As such we will not substitute our judgment for that of the trial court. *Asch v. Asch.*

■■ Lastly, respondent contends that petitioner should be responsible for her attorneys' fees. The award of attorney's fees is based on a showing of the inability of one spouse to pay and the ability of the other spouse to do so. (*Bellow v. Bellow.*) The allowance of attorneys' fees is within the

sound discretion of the trial court and will not be reversed unless the court has clearly abused its discretion. (*Bellow v. Bellow.*) The trial court made no ruling on the fairness of the amount of fees involved. For this reason, we are reversing this portion of the court's order with directions that the trial court hear the matter of fees and that it conclude its findings as to each party's ability to pay fees, as we have determined that the court erred in awarding limited maintenance.

For the foregoing reasons, the order of the trial court is reversed as to the duration of the alimony award, reversed and remanded with directions as to the attorneys' fees and affirmed as to the amount of the alimony award.

Reversed in part; reversed and remanded in part; and affirmed in part.

LORENZ and MEJDA, JJ., concur.