*In re* MARRIAGE OF NANETTE F. SMITH, Plaintiff-Appellee, v. O. DAVID SMITH, Defendant-Appellant.

Third District   No. 3—85—0466

Opinion filed November 20, 1986.

BARRY, J., dissenting.

Franklin L. Renner, of Moon, Renner, Couri & Wombacher, of Peoria, for appellant.

Joseph R. Napoli and Arthur J. Inman, both of Peoria, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from the second half of a bifurcated judgment dissolving the 28-year marriage of David and Nanette Smith. We reverse and remand for further proceedings.

David Smith is a practicing dentist in Peoria. For the three years preceding the hearing on property distribution he had a net income of approximately $82,000. Unfortunately, David is 50 years old and suffers from hypertension, endogenous depression and anxiety. He works four days a week and takes six or seven weeks of vacation annually.

Nanette Smith is certified to teach high school biology and, perhaps, mathematics. She raised four children, who have all attained majority. She appears to be a handy and industrious person; she upholsters furniture, does mosaics and has furthered her education with several courses at Illinois Central College and Bradley University. At the time of the hearing, she was actively seeking a full-time teaching position in both the Peoria or East Peoria school systems. Her affidavit listed monthly living expenses of $1,685. David's was considerably higher, due to his long vacations and habit of dining out frequently.

The trial court divided the assets of the parties as follows (values are approximate):

TO NANETTE

| | | |
|---|---|---|
| (Nonmarital) | Money Market Fund | $ 5,865 |
| | Stocks | 15,000 |
| | Merrill Lynch Account | 16,600 |
| | Net Sale of Residence | 40,000 |
| | 1979 Monza | 3,000 |
| | Life Insurance Policy | 1,000 |
| | Total | $ 81,465 |

TO DAVID

| | | |
|---|---|---|
| | Dental Practice | $ 12,000 |
| | Net Sale of Residence | 40,000 |
| | Pension Plan | 21,000 |
| | Office Account and A/R | 26,500 |
| | Life Insurance Policy | 12,000 |
| | 1980 Corvette | 8,500 |
| | Total | $120,000 |

In addition to the division of assets, David was ordered to pay maintenance in gross of $1,200 per month for 12 years. The award is nonmodifiable. It is the award of maintenance in gross which forms the basis of David's appeal.

We have no quarrel with an award of maintenance *per se*. The record as it stood before the trial court strongly supports Nanette's right to such an award. Furthermore, we see no abuse of discretion in the size of the award. We note that David had a substantial income and Nanette had almost none. David was awarded more than half of the marital property. Nanette had a standard of living which could not have been approached without a substantial award of maintenance. Thus, the trial court was well within its discretion in awarding a substantial sum in monthly maintenance to Nanette.

■ Where the trial court went astray was in ordering the award

to be in gross. An award of maintenance in gross is nonmodifiable, even if the recipient spouse remarries. (*In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 478 N.E.2d 326.) Given the state of the record and the alternatives available, we find that the awarding of maintenance in gross was an abuse of discretion.

■ Maintenance in gross is a legitimate device where the circumstances dictate that an award of periodic maintenance would not be feasible. (*Dmitroca v. Dmitroca* (1967), 79 Ill. App. 2d 220, 223 N.E.2d 545.) We have examined the cases cited in *Musgrave v. Musgrave* (1976), 38 Ill. App. 3d 532, 347 N.E.2d 831, and find that few, if any, of the circumstances where an in gross award was appropriate are present here. The only relevant case is *Rodely v. Rodely* (1963), 28 Ill. 2d 347, 192 N.E.2d 347, where an in gross award was thought to be necessary due to the uncertainties caused by the husband's hazardous occupation. Here, although David was facing a reduction in practice, there is nothing to suggest that he would be without adequate resources to pay periodic maintenance in the foreseeable future.

We find that maintenance in gross is inappropriate in light of the relevant circumstances. The record reveals that both parties were approaching financial and professional crossroads. While David's income had been stable in the recent past, there was uncontradicted evidence that things could change rapidly. Having passed the age of 50, David could expect to be unable to practice within 8 to 12 years due to a normal loss of manual dexterity. He was facing a lower rate of bookings, which could be expected in the declining Peoria economy. There was testimony from the president-elect of the Peoria District Dental Society that a recent agreement between a group of dentists (to which David did not belong) and Caterpillar Tractor would cut into the practice of nonmember dentists. David also testified to his health problems. In short, David was riding the gravy train, but there were loose rails on the track.

On the other hand, Nanette was before the court with no income to speak of and a standard of living to maintain. However, there was indisputable evidence that Nanette had the potential and the availability to become a full-time teacher. There is also a strong inference that Nanette is a capable, self-sufficient person. She taught school full-time while raising small children. She furthered her education as her children got older. She more or less decorated the marital home. Hence, there is every reason to believe that with no children at home to attend to, Nanette would have found some substantial full-time employment within a reasonably short time.

■ In awarding maintenance in gross, the trial court left no

room for the innumerable combinations and permutations of factors which might have changed in the upcoming years. Considering the alternatives, this amounts to an abuse of discretion. There could have been a standard award of periodic maintenance (Ill. Rev. Stat. 1985, ch. 40, par. 504(b)). Alternatively, the court could have used the increasingly popular "reserved jurisdiction" approach of awarding a fixed, monthly sum for a specified period and then reviewing the situation at the end of that period. (See *In re Marriage of Wilder* (1984), 122 Ill. App. 3d 338, 461 N.E.2d 447.) Because the facts of this case call for the flexibility inherent in the latter methods of awarding maintenance, it was an abuse of discretion to award maintenance in gross.

Accordingly, we reverse the judgment of the circuit court of Peoria County and remand for proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, J., concurs.

JUSTICE BARRY, dissenting:

I agree that the amount of the maintenance award does not represent an abuse of the trial court's discretion. Thereafter, I part company with the majority's disposition. My colleagues have acknowledged the proper standard for review of a maintenance award; but, as I see it, they merely have substituted their judgment for that of the trial court in reversing the award here. Clearly, the standard on review is that a maintenance award, whether in gross or periodic, should not be found to constitute an abuse of the trial court's discretion unless it is manifestly contrary to the evidence.

The evidence presented to the trial court in this case which, by my view, constitutes "special circumstances" for purposes of an in-gross award includes: David's substantial present annual income, which is more than sufficient to accommodate the modest monthly payments as ordered, particularly considering that David will enjoy the tax benefits of the award; the disparity between the parties' share of marital property which can be alleviated by the award of maintenance in gross, thereby permitting both parties to maintain their respective standards of living without creating an undue financial burden to David; the uncertainty of Nanette's efforts to obtain employment; David's reduced work week and unusually extensive vacation allowance, which are matters entirely within his control; the

absence of minor children; David's current medical complaints; and, finally, the desirability of obtaining a final settlement between the parties and bringing an end to their financial bickering.

While it is true that a few of the foregoing factors could cut both ways, and be construed as factors favoring periodic, reviewable maintenance, I cannot agree that the trial court's resolution does not represent an equitable compromise between a larger periodic award of indefinite duration—*i.e.,* subject to the trial court's continuing jurisdiction—and the smaller, nonmodifiable monthly amount ordered to facilitate the award in gross. Further, although I cannot say based on the record that an award of periodic maintenance would not have been feasible here, I find sufficient elements of financial uncertainties, the gross disparity in property awards and earning potentials, and acrimony between the parties to justify the trial court's decision to award maintenance in gross. Such decision was equitable under the circumstances and well within the trial court's discretion. See *In re Marriage of Rosen* (1984), 126 Ill. App. 3d 766, 467 N.E.2d 962.

For the foregoing reasons, I would affirm the judgment of the circuit court of Peoria County.