*In re* MARRIAGE OF GREGORY CALLAWAY, Petitioner-Appellee, and MURIEL CALLAWAY, Respondent-Appellant.

First District (1st Division)   No. 85—2634

Opinion filed December 15, 1986.—Rehearing denied January 21, 1987.

Richard A. Rheinstrom, of Chicago, for appellant.

Fernando M. Bustamante, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Respondent, Muriel Callaway, appeals from that part of a judgment for dissolution of marriage awarding maintenance and allocating marital property. She contends that the trial court erred: (1) in allowing a witness not listed on the pretrial memorandum to testify; (2) in modifying a prior decree after petitioner acted in reliance on that judgment by remarrying; (3) in unjustly allocating the property; (4) in incorrectly valuing petitioner's pension plan; and (5) in terminating maintenance after five years and failing to award permanent maintenance.

The parties were married on November 16, 1951. Five children were born to the marriage, only one of whom was a minor when petitioner, Gregory Callaway, filed his petition for dissolution of marriage on January 7, 1981. At that time, petitioner was 45 years old and employed as a business manager at Kennedy-King College in Chicago earning $30,000. Respondent was a 47-year-old homemaker who had never worked outside the home.

An order was entered on February 17, 1981, directing petitioner to continue to make mortgage payments on the marital home and to pay respondent 30% of his net earnings for temporary support. This amount was reduced to 20% in a subsequent order based on respondent's refusal to accept offered employment.

At the time the initial judgment of dissolution was entered on February 23, 1983, the trial court made certain findings relative to the value of marital property and other economic issues. The court found that the marital home was valued at $40,900 with a $6,000 mortgage; that the parties owned a 1979 Volkswagon automobile valued at $700; that the parties held a note payable to petitioner in the amount of $5,000; that petitioner was vested in a pension plan valued at $31,109, from which he would receive $863 per month at age 55 or $1,156 per month at age 60; that petitioner's gross salary was $33,500; and that respondent had been offered three to five jobs during the pendency of the action, paying from $4.95 to $6.90 per hour, which she had declined to accept.

Based on these findings, the trial court made a disposition as to

property, maintenance, and child support. That portion of the judgment was vacated on April 23, 1984, and the matter was reassigned for trial. The only issue before the court at the subsequent trial was the issue of maintenance.

After trial the court awarded respondent the marital home and furniture. She was also awarded rehabilitative maintenance for five years in the amount of $480 per month until the mortgage on the marital home had been paid and thereafter in the amount of $300 per month. Petitioner was awarded his pension plan, the 1979 Volkswagon automobile, and the judgment note executed by his sister. Judgment was entered on August 7, 1985, and respondent now brings this appeal.

■ Respondent's contention that the court erred in permitting one of petitioner's witnesses to testify although his name was not on a pretrial memorandum has no merit. Petitioner was not required to disclose the names or addresses of his witnesses under the rules of civil procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1003(c).) Respondent took no written discovery or depositions in this case and cannot now rely on her own lack of diligence in preparing for trial as a basis for barring petitioner's witness.

■ Respondent's arguments that the award of property was unjust and that the court improperly modified a prior decree after petitioner acted in reliance on that judgment by remarrying were not addressed in her brief. Pursuant to Supreme Court Rule 341 (103 Ill. 2d R. 341(e)(7)), these issues are thereby waived.

■ In regard to the property issue, however, the clearly established rule is that the trial court has broad discretion to apportion property in just proportions and a reviewing court will not disturb that court's decision absent an abuse of discretion. (*In re Marriage of Bentivenga* (1982), 109 Ill. App. 3d 967, 971, 441 N.E.2d 336.) We find no abuse of discretion here.

The trial court awarded the petitioner his pension plan, with a value of $31,809.02, a judgment note in the amount of $5,000, and a 1979 Volkswagon worth $700; all of which totalled $37,509.02. Respondent received the marital home, valued at $34,900, and maintenance in the amount of $18,000, totalling $52,900. the combined value of all the marital assets was $90,409.02. The judgment entered by the trial court awarded respondent 59% of the assets, while petitioner was awarded 41% of the marital assets; a distribution clearly within the statutory mandate of equitable apportionment. Ill. Rev. Stat. 1985, ch. 40, par. 503(c).

■ Respondent also waived her claim of error regarding the valu-

ation of petitioner's pension plan by failing to object to the findings in the original proceedings and by failing to produce any contradictory evidence as to value in the trial court.

Respondent's reliance on *In re Marriage of Kundit* (1982), 107 Ill. App. 3d 310, 437 N.E.2d 777, is misplaced. In *Kundit*, both parties failed to present any evidence of the value of the husband's pension fund, and the trial court assigned it an estimated value. On appeal, the husband argued that the wife had waived her right to appeal on that issue by her failure to present evidence as to the value of the fund. The appellate court held that the issue was not waived on appeal because no evidence had been presented at trial by either party. *In re Marriage of Kundit* (1982), 107 Ill. App. 3d 310, 313-14, 437 N.E.2d 777.

That was not the case here, where the court did not estimate the value of the pension plan but made its finding based on a letter from petitioner's employer which valued the plan. Despite the 11-month period from the time the original judgment was vacated and the time this case was tried, respondent failed to conduct any discovery which would have apprised the court of an alternative valuation of the plan.

It is the parties' obligation to present the court with the evidence necessary to value and allocate property. Reviewing courts will not reverse the trial court's finding as to the value of the pension fund where the respondent has had an adequate opportunity to introduce evidence but has failed to do so. *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 54, 448 N.E.2d 545.

■ Respondent also contends that the trial court erred in awarding rehabilitative maintenance for five years rather than permanent maintenance. She argues that rehabilitative maintenance is not proper where the party to whom it is awarded is "of advanced age in mixed [*sic*] health [and] has never held a job before." She relies on *In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 409 N.E.2d 321, for the proposition that an award of maintenance for a limited period is appropriate only where the spouse to whom it is awarded is employable at a rate of income that would provide the approximate standard of living enjoyed during the marriage.

The trial court awarded respondent rehabilitative maintenance of $300 per month for five years without further review. Although the parties had been married for 29 years at the time the petition for dissolution of the marriage was filed and respondent had not worked outside the home during that time, respondent was only 47 years old, was in good health, and had presented no evidence that she was unable to perform work outside the home.

Testimony at trial showed that respondent had been offered employment commensurate with her education and experience, that the jobs paid between $4.95 and $6.90 per hour, and that she had rejected all of the offers. Vernon Winstead testified that he offered respondent a job which would have given her a gross wage of $150 per week, hospitalization insurance, the opportunity for overtime pay, and a salary review after six months. Accordingly, the trial court found both that respondent was capable of being employed outside of the home and that appropriate employment was available.

The Illinois Marriage and Dissolution of Marriage Act creates an affirmative obligation on the part of the spouse requesting maintenance to seek and accept appropriate employment. (Ill. Rev. Stat. 1985, ch. 40, par. 504(a); *In re Marriage of McNeeley* (1983), 117 Ill. App. 3d 320, 328-29, 453 N.E.2d 748; *In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 298, 426 N.E.2d 1066.) Although respondent has only an eighth-grade education and has not previously worked outside the home, these limitations alone are not sufficient to support her contention that she is entitled to permanent maintenance. See *In re Marriage of McNeeley* (1983), 117 Ill. App. 3d 320, 328-29, 453 N.E.2d 748.

*In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 409 N.E.2d 321, does not support respondent's assertion that the award of maintenance must be sufficient to provide her with the standard of living established during the marriage. The parties in *Simmons* presented the court with evidence of their incomes and expenses both during the marriage and after the filing for dissolution of marriage so that the court was able to assess the standard of living in determining the amount of maintenance to award.

Unlike the parties in *Simmons*, respondent here presented no evidence at trial as to the standard of living the parties enjoyed during the marriage. She cannot now claim on appeal that the court failed to consider her former standard of living in making its determination to award temporary rather than permanent maintenance.

■ Although the trial court ordered that the maintenance automatically terminate at the end of five years, we believe, based on respondent's circumstances and experience, that it would have been more appropriate for the trial court to have awarded maintenance for five years subject to review at the end of that time. If at the end of that time respondent has made no *bona fide* attempt to seek appropriate employment or has refused to accept employment appropriate to her skills or interests, payments should then be terminated. This is consistent with the goal of the Illinois Marriage and Dissolution of

Marriage Act to permit the parties to sever economic ties within a reasonable time period and to provide an incentive for a spouse seeking maintenance to acquire the skills necessary to become self-sufficient. *In re Marriage of Carney* (1984), 122 Ill. App. 3d 705, 716, 462 N.E.2d 596, *appeal denied* (1984), 101 Ill. 2d 545.

The order of the trial court allocating marital assets is affirmed. That portion of the order automatically terminating maintenance in five years is reversed and remanded with directions that the trial court amend its order to review the award of maintenance at the end of five years.

Affirmed in part; reversed in part and remanded with directions.

QUINLAN, P.J., and CAMPBELL, J., concur.