In re MARRIAGE OF DONNA J. ROBINSON, Petitioner-Appellee, and BILLY J. ROBINSON, Respondent-Appellant.

Fifth District   No. 5—87—0825

Opinion filed June 14, 1989.

Brinkoetter & Barnes, P.C., of Decatur, for appellant.

Burger, Fombelle, Baxter, Zachry & Rathbun, P.C., of Decatur (Kent A. Rathbun, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, Billy J. Robinson, appeals from the judgment of the circuit court of Shelby County denying his motion to terminate temporary maintenance. The circuit court found that the maintenance order was maintenance in gross and as such was nonmodifiable. On appeal respondent raises the issue whether the trial court erred in determining that the maintenance order was an order providing for maintenance in gross.

On May 26, 1983, petitioner, Donna Robinson, filed a petition for dissolution of marriage. On June 18, 1985, the court entered a memo-

randum judgment regarding the property division, which stated:

"9—That Temporary Maintenance should be awarded to WIFE, to allow her to rehabilitate herself, to allow for the transitional period, to allow her to undergo educational and/or job-training experience, and to allow her to obtain employment. The Court orders HUSBAND to pay to WIFE said maintenance as follows:

$1500.00 per month, beginning July 1, 1985, for 24 months; and

$750.00 per month, beginning July 1, 1987, for the next 36 months.

Same is to be payable from the income, or the property, or both, of HUSBAND."

In the court's July 12, 1985, judgment, it amended the memorandum judgment regarding the $750 monthly maintenance. Instead of 37 months, the court amended it to state, "$750 per month on July 1, 1987 and on the 1st day of the next 35 months thereafter. Thereafter, Plaintiff shall be barred of further maintenance from Defendant."

In dividing the marital property, the court also awarded:

"In addition thereto, the Court directs that WIFE receive cash in the amount of $175,000.00; and orders that same be paid by HUSBAND to WIFE as follows:

$10,000.00 by August 1, 1985,

$15,000.00 by October 1, 1985, and

$150,000.00 to be paid in ten (10) annual principal installments of $15,000.00 each, plus annual interest payments to likewise be payable at the annual rate of 10%, payable from July 1, 1985 on the said remaining unpaid principal; said payments of principal and interest to be due and payable on the 1st day of July of each year, commencing on July 1, 1986. The Court orders that a lien attach to the 400 acre farm to secure the payments herein provided for."

In addition to the above payments, the court denied petitioner's request for permanent maintenance and granted temporary maintenance to her as set forth hereinabove. Later, on September 27, 1985, the court entered an order which in part amended the maintenance. The order stated that the maintenance payments would terminate upon death or remarriage of petitioner.

On October 1, 1987, respondent filed a petition for termination of temporary maintenance alleging that he "has experienced a substantial reduction in income since the Judgment of Dissolution of marriage was entered." The hearing on the motion was held on November 6.

Thereafter, the court entered an order in the docket sheet finding that the temporary maintenance cannot be modified because it was maintenance in gross. From this order, respondent appeals.

The question before this court is whether the trial court erred when it determined that the maintenance order was for maintenance in gross and as such nonmodifiable. Respondent argues that section 510 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1983, ch. 40, par. 510) does not distinguish between maintenance and maintenance in gross, and as such, all maintenance orders are modifiable under appropriate circumstances. Petitioner responds that the order was rehabilitative maintenance in gross because, for one reason, the trial court held that respondent lacked credibility and dissipated marital assets.

This court initially notes that respondent's argument does not correctly cite the law because maintenance in gross is nonmodifiable. This court also finds that the record does not support petitioner's argument because respondent had paid all of his obligations to petitioner prior to this appeal and only requested termination of maintenance in light of his alleged change in circumstances.

■■■ One goal of the Act is "to permit the parties to sever economic ties within a reasonable time period and to provide an incentive for a spouse seeking maintenance to acquire the skills necessary to become self-sufficient." (*In re Marriage of Callaway* (1986), 150 Ill. App. 3d 712, 716-17, 502 N.E.2d 366, 370.) The goal of the Act embodies the concept which is to help and encourage a spouse to regain dormant employment skills or develop new ones (*In re Marriage of Bramson* (1981), 100 Ill. App. 3d 657, 659, 427 N.E.2d 285, 287); and in certain situations, to provide supplementary income where the spouse cannot support herself in her predissolution lifestyle (*In re Marriage of Heller* (1987), 153 Ill. App. 3d 224, 233, 505 N.E.2d 1294, 1301). Where the court has set a specific point in time for a termination date, the court may reserve jurisdiction to review the award. (*In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 298, 426 N.E.2d 1066, 1069.) A specific termination date should not be set unless the evidence clearly indicates that the supported spouse will be able to provide for her own financial needs at a specific point in time. (*In re Marriage of Bramson* (1981), 100 Ill. App. 3d 657, 659, 427 N.E.2d 285, 287.) "One purpose of a future review of maintenance is to ensure that the ultimate amount and duration of maintenance will be based on the parties' actual needs and abilities, not on speculation as to their future conditions." (Beermann & London, *Rehabilitative Maintenance in Illinois*, 75 Ill. B.J. 658, 664 (1987), citing *In re Mar-*

*riage of Campise* (1983), 115 Ill. App. 3d 610, 614, 450 N.E.2d 1333, 1336.) This court agrees:

"An order for rehabilitative maintenance should satisfy three objectives. First, it should encourage and enable a formerly dependent spouse to become self-supporting. Second, it should allow for the continuation of maintenance on review if the spouse is genuinely unable to be self-supporting. Third, it should allow for a reduction or termination of maintenance if an able recipient fails to make a diligent attempt to become self-sufficient. An order which meets all of those objectives will be fair to both parties and consistent with the letter and spirit of section 504 of the Illinois Marriage and Dissolution of Marriage Act." 75 Ill. B.J. at 665.

■ While rehabilitative maintenance enables a once-dependent spouse to be independent, maintenance in gross is used where an award of periodic maintenance is not feasible. (*In re Marriage of Smith* (1986), 150 Ill. App. 3d 34, 36, 501 N.E.2d 1323, 1324.) In *In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 478 N.E.2d 326, the supreme court found that maintenance in gross has the same meaning as alimony in gross under the former Act and further found that periodic maintenance is different from maintenance in gross. 106 Ill. 2d at 298, 478 N.E.2d at 329.

■ In this case, the order and the circumstances reveal that the court ordered, not maintenance in gross, but rather rehabilitative maintenance. During the 34-year marriage, petitioner was not employed outside the home. She married respondent when she was approximately 16 years old. She never received a high school diploma and did not acquire any other type of training outside of the home. Although this court does not downplay the services and work performed while at home, this court notes that petitioner does not have any transferable skills enabling her to exist on her own. She is a woman in her fifties who was dependent on her husband's income to manage the house and care for their children. Her dependent relationship is exactly what the Act regarding an award of rehabilitative maintenance is designed to recognize. Although respondent stressed throughout the record that petitioner did not contribute cash to the marriage, this court does not overlook her work at home and influence on their children. Four of the children have received college degrees and the youngest was in college at the time of the divorce. Although her contributions to the marriage cannot be expressed in an absolute monetary value, the legislature acknowledged the value of a housewife's contribution when it amended section 503 of the Act. (Ill.

Rev. Stat. 1983, ch. 40, par. 503(d).) Furthermore, the trial court's order specifically stated that the purpose of these payments was to enable petitioner to rehabilitate herself, support herself during a transitional period and permit her to undergo educational and/or job training experience or obtain employment. This court finds that the trial court erred when it determined that the temporary maintenance award was actually nonmodifiable maintenance in gross. Accordingly, this court finds that the order is modifiable upon a showing of change of circumstances and remands this cause for further proceedings.

■ Upon remand, petitioner, in light of her circumstances, may seek to have the court modify the automatic termination date, but she must first present the issue before the trial court. (See *Rice v. Rice* (1988), 173 Ill. App. 3d 1098, 1101, 528 N.E.2d 14, 16.) However, she must show that she has met the affirmative duty to acquire sufficient education or training to find employment. (Ill. Ann. Stat., ch. 40, par. 504(b)(2), Historical & Practice Notes, at 529 (Smith-Hurd 1980).) Without a motion to modify, the maintenance order will terminate as scheduled.

■ Petitioner, in her issue II, argues that this court should not, if it reverses, remand the cause for a hearing on respondent's motion to terminate because respondent failed to sustain his burden of proving circumstances justifying termination. Petitioner argues, "A reviewing court will affirm the judgment of the trial court if it is justified in the law for any reason or ground appearing in the record regardless of the reasons given by the trial judge." (*Conte v. Horcher* (1977), 50 Ill. App. 3d 151, 155, 365 N.E.2d 567, 570.) However, the order entered by the trial court did not reach the merits of the issue. Before this court can address the issue, the trial court must be given a chance to determine it.

For the foregoing reasons, this court reverses the judgment of the circuit court of Shelby County and remands for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RARICK and CHAPMAN, JJ., concur.