Lucille Lemanski, Plaintiff-Appellee, v. Melvin G. Lemanski, Defendant-Appellant.

Gen. No. 67–19.

Second District.

October 31, 1967.

Rehearing denied December 6, 1967.

William B. Petty, of Mount Carroll, for appellant.

George H. Schirmer, Jr., of Freeport, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

Defendant-husband appeals from a decree granting the plaintiff-wife a divorce on the grounds of physical cruelty and awarding her the jointly owned marital home.

On appeal, he urges 1) that the decree is in violation of the doctrine of res judicata; 2) that the trial court erred in limiting the appellant's cross-examination of the appellee; 3) that the decree entered was against the manifest weight of the evidence; and 4) that there were insufficient equities shown by the appellee for the trial court to award his share of their joint real properties to the appellee.

The record shows that the wife filed a prior action for separate maintenance. This action was subsequently amended to divorce on the grounds of two acts of al-

leged extreme and repeated cruelty, which took place approximately one hour apart on May 23, 1964.

The first case was tried on its merits in November of 1964 and, while the case was under advisement, the wife, by amendment, added another alleged act of cruelty apparently to conform the proofs to the pleadings. This additional act was alleged to have occurred in June, 1961.

On December 21, 1964, the trial court entered a decree dismissing the action for want of equity with an express finding that the plaintiff had failed to prove the allegations of her complaint.

Two days later, the present action was filed as a complaint for separate maintenance and was later amended to divorce. In this action two acts of cruelty on May 23, 1964, and one act in September, 1965, were alleged. The defendant husband filed a motion to dismiss on the grounds of res judicata as to the alleged two acts of May 23, 1964, and after this motion was overruled, he filed an answer denying the material allegations of the divorce complaint.

The trial court heard evidence and granted the decree of divorce on the grounds of the husband's extreme and repeated cruelty. A later hearing was held as to property rights, support and education and the decree was entered. A post-trial motion, raising the points above referred to, was heard and denied and this appeal follows.

With reference to the first issue of res judicata, the defendant urges that the ruling of the trial court in the first case resolved all issues of cruelty alleged in the first proceeding in his favor and that since there must be two acts of cruelty to constitute repeated cruelty, the second divorce complaint failed because there is only one act of cruelty properly alleged, that being the act of September, 1965.

 In Hoffman v. Hoffman, 330 Ill 413, 161 NE 723 (1928), the Supreme Court stated, at page 417:

"Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter and of cause of action. When the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by verdict. (Public Utilities Com. v. Smith, 298 Ill 151.)"

■ In a divorce proceeding based on extreme and repeated cruelty a plaintiff must prove two separate and distinct acts of cruelty in order to establish extreme and "repeated cruelty" within the meaning of the statute. Mikkelsen v. Mikkelsen, 239 Ill App 366, 368 (1926). In the first proceeding between the parties in the case at bar, it is possible that the trial court found that the proof did not establish an act of cruelty in June of 1961. With reference to the allegations of May 23, 1964, the trial court could have found either that only one act of the acts of cruelty was proved or that the occurrences of that day, although fully proved, constituted only one act of cruelty. In either event the trial court would then have been justified in dismissing the proceedings for want of equity. If such were the case, then, with one provable act of cruelty on May 23, 1964, and another in September of

1965, the plaintiff had a cause of action. We cannot tell with any certainty whether, in the first action, the trial court found that none of the alleged acts of cruelty was proved or that only one act of cruelty on May 23, 1964, was proved. We do not feel that we can invoke the rule of estoppel by verdict or res judicata on pure speculation as to the finding of the trial court in the prior litigation. We are not satisfied by the finding "that the plaintiff has failed to prove the allegations of her complaint" meant that the court found that the plaintiff had failed to prove any of the allegations. For this reason we feel that the defense of res judicata is not applicable in this case. We have reviewed the cases cited by defendant on the res judicata question and feel that none of these authorities are in conflict with the view we hold in this case.

Considering next the ruling of the trial court on the cross-examination of the plaintiff wife by defendant's counsel, an examination of the abstract and the record indicates that during the cross-examination the wife denied any knowledge of having been named as the third party in a divorce action between other persons. The court sustained objection to further interrogation along these lines. The defense offered no evidence in connection with this matter. In the absence of any showing that further cross-examination would have been material, there is nothing before us to pass upon, with reference to this objection.

■ The third point involves the manifest weight of the evidence with reference to the finding of the defendant guilty of cruelty. We believe that there was evidence in the record to substantiate the finding by the trial court that on May 23, 1964, the defendant pulled the plaintiff out of bed, "knocked" her to the floor and "knocked" her into a dresser in the bedroom. With reference to the alleged act of cruelty on September 8, 1965, there was evidence from which the trial court could find that the

defendant "knocked" the plaintiff into a bedroom wall causing her to have a bruise on her arm and when she attempted to call the police, he struck her. The trial judge had the opportunity to hear the testimony of the witnesses and to observe their demeanor and conduct. We cannot say that the finding of cruelty is contrary to the manifest weight of the evidence.

Finally, the defendant-appellant complains of the disposition of the marital home which, under the decree, was granted to the plaintiff. This property had a fair market value of $23,000 to $25,000 and at the time of the decree was subject to a mortgage in the amount of $5,900 with past due interest of $413.98. The decree provided that the plaintiff should have the real estate subject to the existing mortgage.

Defendant contends that it is improper for the jointly owned property to be awarded to one of the spouses in the absence of special equities alleged and proved.

The evidence established that at the time of the divorce hearing the plaintiff resided in the house with the three minor children, she earned $315 per month and the defendant was employed at $72 per week. No interest payments had been made on the house for two and one-half years at the time of the trial. Defendant was paying $25 per week for the support of the three minor children. There was testimony that if the plaintiff were awarded the house, she could and would pay off the existing mortgage indebtedness. There was no evidence that defendant had the means or desire to make any payments on the mortgage indebtedness.

In light of the meager support which defendant was able to contribute to the support of his children, the arrearage on the mortgage, the need to provide a home for the minor children and the past performances of each party, we believe the trial court was justified in finding

that sufficient equities existed to award the jointly owned home to the plaintiff.

The decree is affirmed.

Affirmed.

DAVIS, P. J. and BAUER, J., concur.