*In re* MARRIAGE OF ALICE SEVERNS, Petitioner-Appellee, and HOWARD SEVERNS, Respondent-Appellant.

Fourth District    No. 16424

Opinion filed February 18, 1981.—Rehearing denied March 12, 1981.

Pearson R. Crosby, of Petersburg, for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg (Eldon H. Becker, of counsel), for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal presents, so far as we have been able to ascertain, a question of first impression. Counsel have cited to us no Illinois authorities on the matter, and our independent research among the jurisdictions which have adopted the Uniform Marriage and Dissolution of Marriage Act has likewise produced no precedents for the precise situation here. The question is: Can one spouse make a valid gift of a joint tenancy interest in real estate acquired subsequent to the marriage to the other spouse so that the latter may claim the entire property as nonmarital under the provisions of section 503(a)(1) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503(a)(1)).

This was a second marriage for each of the parties. A prenuptial agreement was executed prior to the marriage which occurred in 1969. Shortly thereafter they purchased a tract of 19.2 acres which is here in dispute. The title was taken in joint tenancy, and a mortgage in the amount of $26,000 was placed on the premises. Both parties signed the mortgage deed and note. There was some scanty evidence that during the marriage Mr. Severns applied some funds received as gifts from his parents toward the tract, but he did not reveal any amounts.

Apparently both parties owned property prior to the marriage. Mrs. Severns testified that Mr. Severns retained all of his, but that some of hers was sold in order to meet marital expenses. During the marriage Mrs.

Severns worked as a nurse, but Mr. Severns, apparently in poor health, was not employed but did some farming. Joint tax returns were filed by the parties and included the income from the 19.2 acres in question.

In May of 1976, Mrs. Severns went alone to the office of her attorney and executed a quit-claim deed to Mr. Severns of her interest in the 19.2 acres. She testified that she had been harassed by him on the matter, and that she executed the deed to please him and to save her marriage. She informed him of her action and stated that she hoped he was now satisfied. Mr. Severns denied using any coercion on her to force the conveyance.

Mrs. Severns filed a petition for dissolution and for disposition of property. No part of the proceeding is under appeal except the disposition of the 19.2 acres. The trial court ultimately held that it was marital property, and that any presumption of gift had been rebutted.

The pertinent portions of the Illinois Marriage and Dissolution of Marriage Act read in part:

"(a) For purposes of this Act, 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'non-marital property':

(1) property acquired by gift, bequest, devise or descent;

\* \* \*

(b) All property acquired by either spouse after the marriage and before a judgment of dissolution of marriage \* \* \* is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership \* \* \*. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a) of this Section." Ill. Rev. Stat. 1979, ch. 40, par. 503(a)(1), (b).

At the outset we must dispose of one argument made by the petitioner, Mrs. Severns. She claims that since "gift" is closely linked to "bequest, devise or descent" in the statute, the rule of *ejusdem generis* must apply; bequests, devises and inheritances must of necessity come from third parties, therefore, she argues, gifts must fall into the same category and must come from third parties. Interspousal gifts are forbidden. We do not agree.

If such a provision appeared in a will or a deed, it would be deemed void as a restraint or alienation. The supreme court has said:

"\* \* \* Thus, as a general rule, restraints on alienation are void even though they are limited in time [citation], or as to mode [citation], or as to persons [citation], or whether the restraint is upon the alienation of a fee [citation], or a life estate [citation], or

of a vested future interest [citation], or of personal property. [Citation.]" *Gale v. York Center Community Cooperative, Inc.* (1960), 21 Ill. 2d 86, 92, 171 N.E.2d 30.

■■ If the restraint were imposed by statute, serious questions of class legislation and constitutional equal protection would immediately surface. Furthermore, since at common law a spouse had an absolute right to dispose of his property by gift (*Johnson v. Johnson* (1973), 11 Ill. App. 3d 681, 297 N.E.2d 285), any statutory change in the rule will be strictly construed. "It will not be presumed that an innovation was intended beyond what is specifically or clearly implied." *Cedar Park Cemetery Association, Inc. v. Cooper* (1951), 408 Ill. 79, 82-83, 96 N.E.2d 482.

■■ We find no limitation in section 503(a)(1) of the Illinois Marriage and Dissolution of Marriage Act requiring a gift to proceed from a third party as donor. Interspousal gifts are possible.

As previously indicated, we find no authorities bearing on the situation where an interspousal gift is attempted with property acquired subsequent to the marriage. The factual situation in most of the reported cases is that one spouse owns property prior to the marriage and after the marriage places title to that property into some form of co-ownership with the other spouse. *In re Marriage of Moncrief* (1975), 36 Colo. App. 140, 535 P.2d 1137; *In re Marriage of Smith* (1980), 90 Ill. App. 3d 168, 412 N.E.2d 985; *In re Marriage of Key* (1979), 71 Ill. App. 3d 722, 389 N.E.2d 963.

In these cases the courts have applied the common law presumption of gift (*Coates v. Coates* (1978), 64 Ill. App. 3d 914, 381 N.E.2d 1200), and placed the burden of proof on the donor spouse to establish that no gift was intended. (*Scanlon v. Scanlon* (1955), 6 Ill. 2d 224, 127 N.E.2d 435.) Some courts have held that this burden has been said to be by clear, convincing and unmistakable evidence. *Smith.*

■■ In the instant case two significant differences appear: (1) It is the donee spouse claiming the property, and (2) the property was acquired subsequent, rather than prior, to the marriage. In that situation the burden of proof rests on the donee spouse as the claimant, but in lieu of the common law presumption of gift, the statute substitutes a new presumption under section 503(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503(b)), namely, that all property acquired after the marriage is marital property, and the presumption can be overcome by showing that it was a gift. We see no reason to depart from the evidentiary standard laid down in *Smith*; clear, convincing and unmistakable.

■■ As applied to the facts in the instant case, we find that the respondent, Mr. Severns, did not sustain that burden.

The Missouri Court of Appeals has adopted this approach. In *Boyers v. Boyers* (Mo. App. 1978), 565 S.W. 2d 658, the husband acquired a farm subsequent to the marriage. There was conflicting testimony as to whether the farm was acquired as a gift from the husband's father or was purchased from him. The Missouri statute is virtually identical to section 503 of the Illinois Marriage and Dissolution of Marriage Act (Mo. Ann. Stat. §452.330 (Vernon 1977).) The court in *Boyers* said:

> "Whether or not there was a gift of the 'Lake Farm' is a fact question, *Lewis v. Lewis*, 354 Mo. 415, 189 S.W.2d 557, 560 (1945) and the burden of proof on the issue rested with the husband. *Williams v. Ellis*, 323 S.W.2d 238, 240 (Mo. 1959). Since the conveyance was made during the marriage it was presumed to be marital property until a showing had been made that it was acquired by gift. §452.330.3, RSMo 1973 Supp. There was substantial evidence to support the trial court's determination that the conveyance constituted a gift and was not marital property." 565 S.W.2d 658, 660-61.

To sum up, gifts from one spouse to the other are not prohibited by the Illinois Marriage and Dissolution of Marriage Act. In a distribution of property proceeding subsequent to a dissolution proceeding, either the donor or the donee may assert a claim to the property, the donor to reclaim property, the donee to retain it, but whichever be the claimant, the standard is that of clear, convincing and unmistakable evidence. If the subject matter be property acquired prior to the marriage, the controlling presumption will be the common law presumption; if the subject matter be property acquired subsequent to the marriage, the presumption contained in section 503(b) of the Illinois Marriage and Dissolution of Marriage Act will prevail.

The order of the circuit court of Menard County is affirmed.

Affirmed.

MILLS and GREEN, JJ., concur.