*In re* MARRIAGE OF GLATHA MARLENE ALES, Petitioner and Counterrespondent-Appellant, and JOHN RUSSELL ALES, Respondent and Counterpetitioner-Appellee.

Third District   No. 3—85—0024

Opinion filed October 17, 1986.

John M. Ritchie, of Pekin, for appellant.

Kim L. Kelley, of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner-counterrespondent, Glatha Marlene Ales (the wife), appeals from the court's order of dissolution of her marriage to the respondent-counterpetitioner, John Russell Ales (the husband). On appeal, the wife challenges the husband's proof of grounds for dissolution, the marital-property division, and the court's order on attorney fees.

The wife and the husband were married in 1954. At the time of the proceedings, the wife was 52 years of age and not employed. She had three years of college and had most recently worked as a teacher's aide. The husband was 50 years of age, a college graduate, and an assistant vice-president at Commercial National Bank of Peoria. His gross salary was $2,450 per month. The parties had three children: a college junior, a high school senior, and a 10-year-old grade school student.

In October of 1983 the wife filed a petition for legal separation. The husband responded and filed a counterpetition for dissolution of marriage. Following hearings on the petition and counterpetition, the court found evidence supporting grounds of mental cruelty and granted the husband's petition for dissolution. Following further hearings and the court's receipt of the parties' agreement as to division of household goods, automobiles, boats, and debt on one automobile, the court entered its final order dissolving the parties' marriage.

In the final order the parties' household goods were divided per the parties' agreement. Also by the parties' agreement, the wife was awarded custody of the one minor child. The wife was awarded the unmortgaged marital residence valued at $37,000, and the parties were ordered to share proceeds from the sale of real property valued at $2,500. The parties were each awarded one automobile. The wife

received a Datsun automobile and was ordered to pay the loan associated with that automobile. The parties' stock and mutual funds were divided so that the wife received approximately $3,000 and the husband received approximately $5,000. The husband was awarded all the parties' life insurance, with cash value of approximately $6,000. He was also ordered to retain the wife and the parties' children as insurance beneficiaries. The husband was awarded the full future interest in his profit-sharing plan with a cash value of approximately $42,000 and in his pension, which was not specifically valued.

The husband was held liable for certain tax liability amounting to approximately $700 and for the $757 home-improvement loan on the marital residence. He also was ordered to pay $900 or $750-per-month unallocated child support and maintenance, the two amounts applying respectively to before and after the parties' second child's graduation from high school. That unallocated award was ordered reviewed in one year and subject to reduction if the wife were employed or not in good faith discharging her duty to seek employment. Lastly, each party was ordered to pay his own attorney fees.

The wife's first argument on appeal is that the court erroneously granted the husband's petition for dissolution. According to the wife, a grant of dissolution was improper as her conduct alleged to constitute mental-cruelty grounds for dissolution was provoked by the husband's conduct, including his affairs with other women. The wife relies on *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73, where the appellate court found that there was insufficient proof of the wife's mental cruelty, given evidence that the wife's actions were provoked by the husband's desertion and inadequate support of the family.

Our applicable law favors preservation of the marriage estate and dissolution only on sufficient proof of a ground provided in the divorce statute. (*Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73.) To prove mental cruelty, the evidence must show, *inter alia*, that the offending conduct, which negatively affects the physical or mental health of the complaining spouse, is unprovoked. (38 Ill. App. 3d 1, 349 N.E.2d 73; Ill. Rev. Stat. 1983, ch. 40, par. 401(2).) A finding on mental cruelty depends upon the specific personalities, circumstances, and conduct involved. We will not disturb the trial court's findings on mental-cruelty grounds unless that finding is against the manifest weight of the evidence. *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284.

We do not find that the court's finding of mental cruelty was against the manifest weight of the evidence. The record shows that

the husband is not blameless in the marital breakdown. It shows, for example, that the husband conducted several extramarital affairs. However, the record also includes ample references to the wife's practices, including making to third parties degrading comments on a variety of topics concerning the husband. We find that in this case, unlike in *Rosenbaum*, the record includes sufficient evidence of unprovoked cruel conduct by the wife to support the decision of the trial court.

■ The wife's second argument on appeal concerns the division of marital property. She first argues that the division was not in just proportions as required by section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1983, ch. 40, par. 503(d)). According to the wife, she was prejudiced in the property distribution by the court's failure to specifically find the value of the husband's pension. According to the wife, the court erroneously offset the grant of other marital properties with the grant of the pension, as there was no expert testimony as to the pension's value. The wife further argues that her award of approximately one-third of the marital estate does not adequately provide for her future financial needs. She additionally argues that the court abused its discretion in finding the Datsun automobile was marital property and in failing to follow the parties' agreement to assign debt on the Datsun to the husband.

The husband argues in response that the court's award of marital property, maintenance, and child support was within the court's discretion. The husband asserts that the wife took the lion's share of the parties' present and reachable assets. The husband also argues that we must not find error in the court's failure to find a specific value of the husband's pension, as the wife presented no formal evidence of his pension's present cash value. Regarding the Datsun, the husband asserts that the court's determination that the car was marital property was not against the manifest weight of the evidence. The husband does not address proper allocation of debt on the Datsun.

Section 503(d) of the Act requires division of marital property in just proportions considering all relevant factors. (Ill. Rev. Stat. 1983, ch. 40, par. 503(d).) The Act does not require that the court place a specific value on each item of property, but does require that there be competent evidence of value, that the court's property division be supported by the evidence, and that the record provide a basis upon which a reviewing court can determine the propriety of the property award. (*In re Marriage of Cuisance* (1983), 115 Ill. App. 3d 551, 450

N.E.2d 1302.) A reviewing court will not disturb a division of marital property unless it reflects an abuse of discretion. *In re Marriage of Sevon* (1983), 117 Ill. App. 3d 313, 453 N.E.2d 866.

There is no argument but that the court received ample valuation evidence concerning the parties's real estate, insurance policies, mutual funds and stock, personal property, bank accounts, and marital debts. Additionally, the court received evidence of the cash surrender value of the husband's profit-sharing plan as of December 1983. However, evidence of the value of the husband's pension, one substantial asset awarded to the husband, was scant. The record is clear that the court considered no actuarially determined evidence of the value of the husband's pension. Further, no summary of the pension plan is of record even though it appears that the wife may have presented one. We may no more than infer that the court even considered the plan summary, critical evidence here for any sound judgment upon the husband's pension's value. (See *In re Marriage of Evans* (1981), 85 Ill. 2d 523, 426 N.E.2d 854.) Indeed, it is clear only that the court had before it evidence of the husband's current salary, age, and years of service under the plan.

Given the lack of competent evidence on the value of the pension despite the wife's efforts to present sufficient information, and in the absence of court comments revealing a determination of the pension's value, we are unable to review the property award. The case must be remanded for further evidentiary proceedings regarding the property division.

In ordering remand, we note that if we have a record basis upon which to review the property division, we would not necessarily find an abuse of discretion, except as to the award of the Datsun automobile which we discuss hereafter. Under the instant award the wife, who is young and educated and able to work, received the unencumbered marital home, some cash assets, and an automobile. She also was awarded periodic payments which reflected the parties' respective needs and the husband's means. The husband's award, although probably to some undetermined extent larger in total than the wife's, was primarily comprised of assets unavailable until his retirement. We note, furthermore, that prior to awarding the husband the sole ownership of his profit-sharing and pension plans, the court specifically acknowledged and rejected the possibility of reserving a final proportionate-share distribution of the husband's pension until the husband's retirement. See *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 475 N.E.2d 1333.

Concerning the Datsun, the court received the following evi-

dence. At the time of the hearing on property matters, title to the Datsun was in the name of the parties' eldest child. The parties had purchased the automobile for the son, and the wife was driving the car while the title-holding son was attending college. After receiving that evidence, the court heard the parties' agreement that the son would transfer title for the Datsun to the wife and that she would keep the car. Also per the parties' agreement, the husband would pay off the indebtedness on the $2,300 note taken to purchase the Datsun. We find that given the proof of the parties' agreement (see *In re Marriage of Parr* (1981), 103 Ill. App. 3d 199, 430 N.E.2d 656), the court abused its discretion in failing to order the husband to pay the Datsun note. Whether the court properly categorized the Datsun as marital property does not alter our finding.

 ▮▮▮ The wife's final argument on appeal is that the court erred in failing to award her reasonable attorney fees. We disagree.

It is within the sound discretion of the trial court to award attorney fees. To justify an allowance of fees, the party seeking the award must show financial inability to pay, financial needs within the context of the couple's prior standard of living and the ability of the other spouse to pay the fees. *In re Marriage of Yakin* (1982), 107 Ill. App. 3d 1103, 436 N.E.2d 573.

The wife was ordered to pay her attorney fees of $2,871.30. Considering the property and periodic payments awarded to the wife, and considering the wife's earning potential, we do not find that the court abused its discretion in ordering the wife to pay those fees.

Accordingly, the judgment of Tazewell County is reversed. The cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

STOUDER and WOMBACHER, JJ., concur.