*In re* MARRIAGE OF KENLEY ROYCE WADE, SR., Petitioner-Appellee and Cross-Appellant, and ELOISE JUNE WADE, Respondent-Appellant and Cross-Appellee.

Fourth District   No. 4—86—0702

Opinion filed June 30, 1987.—Rehearing denied August 17, 1987.

Robert L. Silberstein, of Peoria, for appellant.

Leahy Law Offices, of Springfield (Cheryl R. Jansen, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The parties, Kenley Royce Wade (husband) and Eloise June Wade (wife), married in 1954. On December 1, 1980, husband filed a petition for separate maintenance alleging mental cruelty. On August 25, 1981, husband filed a motion to amend, converting his petition to one for dissolution. Wife filed a counterpetition and the case proceeded to hearing on grounds. On April 2, 1984, the circuit court of Sangamon County entered a judgment of dissolution of marriage. Following denial of wife's post-trial motion, wife appeals, and husband cross-appeals the order of the court.

Seven areas of contention are raised on appeal: (1) whether husband proved adequate grounds for dissolution, specifically in light of a prior divorce proceeding; (2) whether the trial court properly granted husband leave to amend the petition and judgment of dissolution to conform to the proof; (3) whether the trial court properly ordered sale of the marital residence; (4) whether the trial court properly divided the marital property; (5) whether the trial court properly awarded wife open-ended maintenance; (6) whether the trial court properly ordered husband to pay wife's attorney fees; and (7) whether the trial court properly ordered husband to maintain life insurance in such an amount as may be reasonably necessary to provide funds for the college education of his children.

BACKGROUND

The parties married in May of 1954. Five children were born to the parties as a result of the marriage. Only the youngest child, Maynard, remained a minor at the time of dissolution. Custody of Maynard was awarded to wife subject to visitation by husband.

In May of 1976, the parties separated and on August 31, 1976,

husband filed a complaint for divorce in Peoria County, alleging extreme and repeated inhumane mental cruelty. On April 4, 1977, at the close of husband's case in chief, the trial court granted wife's motion to dismiss, noting husband's failure to prove a *prima facie* case.

The parties remained separated, and in May of 1977, husband moved to Springfield, Illinois, where the parties owned additional property. Wife continues to reside in the marital residence in Peoria for which husband is financially responsible.

On December 1, 1980, husband filed a petition in Sangamon County, Illinois, for separate maintenance. Additionally, husband filed a motion for temporary relief, requesting that wife be ordered to relinquish two Federal income tax return checks in her possession. Wife did not file an answer or otherwise enter her appearance. Two subsequent hearings were held and wife did not appear. On July 6, 1981, wife was found to be in wilful contempt of court for failure to appear, and was granted 21 days to purge herself of the contempt. On August 25, 1981, husband filed a motion to convert his petition for separate maintenance to a petition for dissolution of marriage. The court allowed the motion.

On November 10, 1981, wife entered her initial appearance. Over husband's objection, wife was allowed to make an oral denial of the allegations of the petition for dissolution, and was granted leave to file an answer as well as any other pleadings deemed appropriate.

Following several continuances at wife's request, the case proceeded to hearing on the issue of grounds. At the conclusion of evidence, the court found sufficient grounds to support the petition for dissolution.

On September 16, 1983, a hearing was held on property, and on April 2, 1984, a judgment of dissolution of marriage was entered. Following denial of post-trial motions, a final judgment was entered on September 22, 1986.

GROUNDS

At the hearing on grounds, husband testified that he currently resides in Springfield and is employed by the Department of Children and Family Services. Husband stated that throughout the entire course of his marriage, wife exhibited a total lack of cooperation and failed to act as a partner in the marriage. Wife withheld sex as a punitive measure. She refused to do laundry for husband. She purposely excluded husband from family meals.

Additionally, husband testified to recurring financial problems. Husband stated that after he moved to Springfield in 1977, he re-

mained financially responsible for wife, the children, and the upkeep of the Peoria residence. Husband testified that although he sent wife money, he had to make special arrangements with the bank to make direct mortgage payments due to wife's failure to make timely payments. Husband stated that wife also allowed utility payments to lapse until she received disconnect notices. Husband indicated that wife's refusal to take any responsibility typified her conduct throughout the entire marriage. Husband further claimed that this conduct continues to create financial hardship for him.

After separation, wife refused to forward husband's mail, made numerous unauthorized purchases on husband's charge accounts and phone bill, and refused to turn over husband's tax return checks. Husband stated that he was forced to take out loans to pay off wife's expenditures and avoid bankruptcy.

Husband also encountered numerous problems in his attempts to establish a visitation schedule with Maynard. Wife often denied husband any contact with his son and on those occasions when visitation was permitted, wife would berate and belittle husband in front of his son, causing much humiliation and embarrassment. Additionally, wife refused to allow Maynard to visit his father in Springfield.

Husband indicated that he has not lived in the marital residence for well over five years. In May of 1976, husband and wife argued over wife's failure to balance the checking account. Wife then packed husband's clothes into grocery sacks and told him to leave. Husband was forced to move into the YMCA in Peoria. Husband stated that since the separation, he has suffered from loss of sleep and loss of weight. Husband is currently under a doctor's care for hypertension and high blood pressure. Husband testified that there was no chance of reconciliation.

Husband admitted that he is currently living with another woman and has been involved in this relationship since December of 1977. Wife, however, was unaware of this situation prior to the dissolution proceedings. Wife did not testify at the grounds hearing. At the conclusion of evidence, the court found "nothing close to what one would call a marital relationship" and granted husband's petition. The court noted that the Peoria judgment of 1977 did act as a bar to conduct occurring prior to the entry of judgment, but that sufficient grounds still existed.

PROPERTY

At the hearing on property distribution, the court noted that there were six basic items involved: the residence in Peoria; the resi-

dence in Springfield; the household furnishings; husband's pension; and two cars. Husband testified that the Peoria residence was purchased in 1966 and that the current balance on the mortgage was approximately $540. Husband further stated that the Springfield property had an outstanding mortgage of approximately $1,150. Current appraisals for both parcels of property were admitted into evidence. The court noted that a decree of partition had already been entered with respect to the Springfield property.

Husband introduced evidence of his account with the State Employees' Retirement System. The parties stipulated to the value of husband's pension. Husband also introduced into evidence a list of current indebtedness.

Wife testified that she is currently employed as an Amway salesperson, but has not made any cognizable income. Wife stated that she is very much interested in returning to school and that she needs 30 additional credit hours to obtain her nursing degree. Wife stated that she has no independent funds available to finance her education.

The court ordered that both parcels of real estate be sold, with wife remaining in possession of the Peoria residence until sold. Husband was ordered to continue to pay the mortgages and taxes on both residences, as well as the utilities on the Peoria residence. Wife's attorney fees were ordered to be paid from the proceeds of the sale of the real estate, with the balance being divided equally. Wife was also awarded one-half of the stipulated value of husband's pension fund. Husband was deemed responsible for the marital debts and was ordered to pay wife periodic maintenance, the amount of which was to be determined subsequent to the sale of the real estate. Husband was also ordered to pay $500 per month for child support and maintain his existing medical insurance coverage on wife and Maynard.

Husband was additionally ordered to maintain life insurance "in such amount as may be reasonably necessary to provide funds for the college education expenses of the minor child and child, Francine M. Wade." The court reserved the issue of post-high school expenses of Maynard until he completed high school.

■■ ■ Initially, husband argues that the trial court erred in allowing wife to introduce evidence regarding the dismissal of a prior divorce petition as an affirmative defense. Husband further claims that wife should have been completely barred from introducing any evidence in light of her dilatory conduct. Wife maintains that husband failed to prove sufficient grounds in support of the judgment for dissolution.

On December 12, 1982, with leave of the court, wife filed an

amended affirmative defense alleging that the dismissal of the 1977 petition for divorce, which was filed by husband in Peoria County, operated as a bar to the present action. Husband filed a motion to strike and dismiss, claiming the affirmative defense was not raised in compliance with the mandates of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—613(d)), it was not timely filed, and that the doctrine of *res judicata* is inapplicable.

The court denied husband's motion to strike and dismiss, noting that wife could move to incorporate the affirmative defense as part of her answer. Additionally, the court refused to strike the affirmative defense for failure to be timely filed, specifically noting that wife had not been represented by counsel during the initial stages of the proceeding. Finally, the court deemed the Peoria judgment to be a final order for *res judicata* purposes with respect to the grounds of mental cruelty and desertion.

The decision as to whether to allow or deny an amendment rests within the sound discretion of the trial court and such decision will not be overturned on appeal absent an abuse of discretion. (*Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774.) The Code of Civil Procedure provides for amendment of pleadings at any time before final judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616.) This particular paragraph is to be construed broadly to carry out its purpose of permitting liberal amendments to the pleadings so that cases might be decided on the merits and not by procedural technicalities. *Anderson v. Rick's Restaurant & Cocktail Lounge* (1977), 45 Ill. App. 3d 992, 360 N.E.2d 465.

The record herein indicates that wife was allowed to file an affirmative defense after making an oral request at the initial hearing on grounds. The court allowed the amendment despite its untimeliness because wife had not been represented by counsel during the initial proceedings and had made a request to file the proper pleadings. Consequently, there was no abuse of discretion.

■■■ The doctrine of *res judicata* provides that a final judgment is conclusive as to the rights of the parties and constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834, 838.) A former adjudication can be relied on as an absolute bar when the parties and the cause of action are the same in both proceedings, the former adjudication was a final judgment on the merits, and the court had jurisdiction to render it. (*Pedigo v. Johnson* (1985), 130 Ill. App. 3d 392, 474 N.E.2d 430.) The party raising the defense of *res judicata* has the burden of establishing the identity of

the parties, the precise issues, and the judgment of the former action. *Gonyo v. Gonyo* (1973), 9 Ill. App. 3d 672, 292 N.E.2d 591.

■ *Res judicata* additionally requires that there be a finding of specific fact. (*Hoffman v. Hoffman* (1928), 330 Ill. 413, 161 N.E.2d 723; *Lemanski v. Lemanski* (1967), 87 Ill. App. 2d 405, 231 N.E.2d 191, *cert. denied* (1968), 393 U.S. 20, 21 L. Ed 2d 21, 89 S. Ct. 52.) Where there is any uncertainty on a point or that more than one distinct issue of fact was presented, the doctrine may not be applied. *Hoffman v. Hoffman* (1928), 330 Ill. 413, 161 N.E.2d 723; *Lemanski v. Lemanski* (1967), 87 Ill. App. 2d 405, 231 N.E.2d 191, *cert. denied* (1968), 393 U.S. 20, 21 L. Ed. 2d 21, 89 S. Ct. 52.

In *Lemanski*, the court refused to apply the doctrine of *res judicata* with respect to a prior divorce proceeding. The *Lemanski* trial court dismissed the first divorce proceeding as the complainant had "failed to prove the allegations of her complaint." (*Lemanski v. Lemanski* (1967), 87 Ill. App. 2d 405, 407, 231 N.E.2d 191, 193, *cert. denied* (1968), 393 U.S. 20, 21 L. Ed. 2d 21, 89 S. Ct. 52.) Citing to *Hoffman*, the court refused to invoke the doctrine of *res judicata*, noting that to do so would constitute "pure speculation" with respect to the finding of the trial court in the prior litigation. *Lemanski v. Lemanski* (1967), 87 Ill. App. 3d 405, 408-09, 231 N.E.2d 191, 193-94, *cert. denied* (1968), 393 U.S. 20, 21 L. Ed. 2d 21, 89 S. Ct. 52.

■ Similarly, in this case, the Peoria circuit court dismissed husband's petition for a divorce on grounds of mental cruelty and desertion for failure to prove a *prima facie* case. There were no specific findings of fact, no assessment of the evidence presented, nor did the court's order contain the specificity required for *res judicata* purposes. The court's order did not resolve the issues presented. As such it was improper for the trial court to apply the doctrine of *res judicata*. This error, however, has no effect on the court's final determination.

Wife did not file a response to husband's petition for dissolution until the time of the second hearing on grounds. Although wife's initial response did not raise any conduct of the husband as a defense, it was later amended to include such conduct. As such, husband maintains that the evidence is barred as it was not raised in the pleadings. The court, however, denied husband's motion to bar wife from raising any such conduct in defense. The court indicated that it preferred to hear all evidence from both parties prior to making a final determination on the petition for dissolution.

■ The Illinois Marriage and Dissolution of Marriage Act (IMDMA) provides that unless conduct of the petitioner is raised in the

pleadings, it will not act as a bar to the action and cannot be a proper basis for refusal of a judgment of dissolution. (Ill. Rev. Stat. 1985, ch. 40, par. 406.) This section has been construed strictly, requiring that affirmative defenses be pleaded. See *Buzan v. Buzan* (1977), 45 Ill. App. 3d 181, 359 N.E.2d 834; *La Roche v. La Roche* (1975), 32 Ill. App. 3d 475, 335 N.E.2d 518.

The mandates of the IMDMA, however, must be reconciled with the Code of Civil Procedure, which provides for amendment of the pleadings any time prior to final judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616.) It is within the sound discretion of the trial court to allow amendments to the pleadings so that cases might be decided on the merits and equity is served. *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774.

The court here, in denying husband's motion to strike, specifically noted that it desired to hear all testimony from both sides prior to rendering a decision. Although the IMDMA provides for adherence to pleading requirements, the court's decision to allow wife to amend her pleadings and present testimony regarding husband's conduct was equitable and well within the discretion afforded the trial court.

Finally, with respect to grounds, wife maintains that there was insufficient evidence in support of the judgment because husband's allegations of mental cruelty are unsupported by evidence of any adverse physical or mental effects.

Extreme and repeated mental cruelty has been defined as a course of abusive and humiliating conduct calculated to render the life of the opposite spouse miserable and unendurable. (Ill. Rev. Stat. 1985, ch. 40, par. 401(2); *In re Marriage of Ales* (1986), 148 Ill. App. 3d 305, 499 N.E.2d 168; *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284.) In determining whether grounds of mental cruelty are supported by evidence, the facts of the particular case must be considered in light of the parties' patterns of conduct, their respective emotional makeup, and the circumstances around which the complained of conduct occurred. (*In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284.) The alleged conduct must result in embarrassment, humiliation, and anguish. The ultimate test is whether the conduct complained of had the required adverse effects upon the physical or mental health of the complaining party. (*In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284; *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73, *cert. denied* (1982), 455 U.S. 1018, 72 L. Ed. 2d 136, 102 S. Ct. 1714.) Since the trial court is in a superior position to assess the evidence and adjudge the credibility of the witnesses, its decision should stand,

absent an abuse of discretion. *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284; *Christian v. Christian* (1979), 69 Ill. App. 3d 450, 387 N.E.2d 1254.

▆▆ In addition to proving mental cruelty, the complaining party must also plead and prove that such conduct was not provoked. (*In re Marriage of Yakin* (1982), 107 Ill. App. 3d 1103, 436 N.E.2d 573; *Hecht v. Hecht* (1977), 49 Ill. App. 3d 334, 364 N.E.2d 330.) Although the burden of proving lack of provocation remains with the complaining party, the burden of going forward shifts to the defending party once there has been a denial, explicit or implicit, that the actions were provoked. *In re Marriage of Yakin* (1982), 107 Ill. App. 3d 1103, 436 N.E.2d 573; *Hecht v. Hecht* (1977), 49 Ill. App. 3d 334, 364 N.E.2d 330.

Evidence adduced at the grounds hearing indicated that the parties had not been living together since 1976. Husband testified to the circumstances prior to and after separation, which included: wife's failure to cook for husband, wife's failure to do husband's laundry; wife's withholding sex as a punitive measure; wife's refusal to take any financial responsibility; and wife's refusal to allow husband visitation with the children. Husband additionally stated that throughout the relationship, he was caused to suffer embarrassment, humiliation, stress, anxiety, loss of sleep, and loss of weight. Husband claimed wife was not provoked.

Wife did not testify at the hearing on grounds and presented no evidence with respect to provocation. Wife did attempt to allege that husband was engaged in adulterous conduct, but testimony indicated that wife was not aware of this conduct prior to the initial hearing on grounds and had no evidence in support thereof. The record indicates that wife embarked upon an abusive course of conduct and, as such, the judgment of the trial court is supported by the evidence.

▆▆ Second, wife argues that the trial court improperly granted husband's leave to amend the petition and judgment of dissolution to conform to proof.

On May 10, 1985, husband filed a motion to amend his petition seeking to add a paragraph claiming that "irreconcilable differences" had developed during the marriage. On July 19, 1985, the court allowed the husband's motion. The court first stated that it had found sufficient grounds with respect to the allegations of mental cruelty and then went on, specifically noting "the evidence did support a finding that the parties had been living separate and apart for a continuous period of more than two years and that irreconcilable differences have caused the irretrievable breakdown of the marriage." Addition-

ally, the court noted that it was granting the motion "for purposes of judicial expedience."

The Code of Civil Procedure provides for the amendment of pleadings at any time so they might conform to the proofs. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(c).) There is a liberal policy of allowing amendments to a complaint to conform to proof adduced at trial, but materiality of such amendments must be clear and apparent. (*Marcus v. Wilson* (1973), 16 Ill. App. 3d 724, 306 N.E.2d 554.) Additionally, the evidence must indicate that the defendant will not be prejudiced by the proposed amendment.

The trial court herein indicated that sufficient grounds based upon mental cruelty were presented to support the petition for dissolution and that grounds based upon irreconcilable differences were not necessary. The court specifically found that efforts at reconciliation had failed. Wife did not testify at the hearing on grounds. Evidence clearly indicated that the parties had been living apart since May of 1976. The record is replete with evidence of vicious arguments, verbal harassment, and a complete disregard for the marital relationship. As such, wife was in no way prejudiced by the amendment which was within the discretion of the trial court.

██ Third, wife contests the court's order in that it ordered both parcels of marital property to be sold.

The IMDMA provides for an equitable distribution of "all marital property" upon dissolution of marriage. (Ill. Rev. Stat. 1985, ch. 40, par. 503.) The trial court's distribution of marital property will not be set aside absent a clear abuse of discretion. (*In re Marriage of Mullins* (1984), 121 Ill. App. 3d 86, 88-89, 458 N.E.2d 1360, 1362.) It is within the discretion and authority of a trial court to order the sale of the marital home without a prayer for partition where it would be equitable to do so. *In re Marriage of Glessner* (1983), 119 Ill. App. 3d 306, 456 N.E.2d 311.

Wife maintains the court erred in ordering the sale of the Peoria residence because she was granted custody of Maynard, the minor child. These proceedings, however, have been pending for well over five years, and by this time, Maynard has reached the age of majority. There was much testimony regarding Maynard's extracurricular activities and his desire to attend college. In this context, the marital residence is not necessary to provide the minor child a stable home environment.

Additionally, wife's financial status indicated a need for maintenance and IMDMA dictates that distributions of property are preferred over long-term maintenance awards. (See Ill. Rev. Stat. 1985, ch.

40, par. 503(d)(4); *In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 411 N.E.2d 238.) Consequently, there was no abuse of discretion.

■■ Fourth, wife appeals the distribution of marital property. The marital property was divided by the court in approximately equal portions. Each party was awarded a car. Wife was awarded all of the household furnishings and 50% of the stipulated value of husband's pension. Each party was awarded bank accounts in their names. Husband was held responsible for all marital debts. Wife, however, maintains that she is entitled to a greater portion of the marital assets based upon her current financial situation.

The IMDMA provides that marital property shall be divided in "just proportions" considering all relevant factors. (Ill. Rev. Stat. 1985, ch. 40, par. 503(d).) The touchstone of apportionment of marital property is whether the distribution is equitable in nature. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126.) Mathematical equality is not required; just proportions do not mean equal amounts. *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126.

■■ ■ The court, in reviewing a division of property, is not justified in substituting its discretion for that of the trial court. (*In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 443 N.E.2d 1089.) In determining whether the trial court abused its discretion in dividing property subsequent to dissolution proceedings, the question is whether the trial court acted arbitrarily without the employment of conscientious judgment or exceeded the bounds of reason and ignored recognized principles of law so that substantial injustice resulted. *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126.

The record herein is clear that the trial court conscientiously evaluated all of the relevant circumstances of the parties prior to distributing the marital property. The division of property was equitable; it adequately provided for wife's financial needs, and consequently, there was no abuse of discretion.

■■ Fifth, husband asserts that wife is not entitled to maintenance in light of wife's failure to seek employment and the court's property award. Alternatively, husband argues that the court erred in ordering maintenance for an indefinite term.

The court ordered husband to pay wife maintenance for an indefinite term "until further order of this court." Husband was additionally ordered to maintain his existing medical insurance on wife and the minor child.

Generally, the awarding of maintenance is a matter within the sound discretion of the trial court and will not be disturbed on appeal

absent an abuse of discretion. (*In re Marriage of Mittra* (1983), 114 Ill. App. 3d 627, 631, 450 N.E.2d 1229, 1232.) An award of maintenance is warranted where the court finds that the party seeking maintenance lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs and is unable to support herself. Ill. Rev. Stat. 1985, ch. 40, par. 504(a)(1).

In determining the amount and duration of an award of maintenance, the trial court should consider all relevant evidence but specifically examine: the parties' financial resources; education; current standard of living; duration of the marriage; and age and physical condition of the parties. (Ill. Rev. Stat. 1985, ch. 40, par. 504(b).) With specific respect to duration, IMDMA states that an award of maintenance shall be made for "such periods of time as the court deems just" including "indefinite periods of time." Ill. Rev. Stat. 1985, ch. 40, par. 504(b).

While an award may be for a definite time frame, it should not be based on speculation as to the future conditions, but on circumstances disclosed by the evidence. (*In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 351, 461 N.E.2d 447, 456.) Where the court has specific evidence regarding educational background, present educational pursuits, and income at the time of dissolution, there is sufficient evidence to set a specific period of time for maintenance. *In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 719, 437 N.E.2d 1300, 1306.

Maintenance for a limited period is appropriate where the spouse is employable at an income not overly disproportionate from the standard of living established during the marriage. (*In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 465, 426 N.E.2d 1087, 1096.) Conversely, where the spouse is not employable or is employable only at a low income, as compared to the previous standard of living, permanent maintenance would be appropriate.

Testimony indicated that the wife was almost 50 years old and had not been in the work force for approximately 15 years. Although wife indicated a desire to return to school to obtain her nursing degree, she had no cognizable income to achieve this goal, much less support herself. Wife's employability, should she obtain her degree, will be greatly enhanced. Until this goal is achieved, however, wife's financial status requires maintenance. Wife does have an affirmative obligation to seek appropriate employment and to make a good-faith effort to become financially independent. *In re Marriage of McNeeley* (1983), 117 Ill. App. 3d 320, 453 N.E.2d 748.

The court did retain jurisdiction over the issue of mainte-

nance. Thus, if a substantial change in the circumstances of the parties occur, either party may petition for a modification of the maintenance award. (*In re Marriage of Bramson* (1981), 100 Ill. App. 3d 657, 659, 427 N.E.2d 285, 289.) Since the trial judge was in a position to evaluate and assess the financial abilities of the parties, the award of maintenance for an indefinite period of time was not an abuse of discretion. Additionally, it was well within the discretion of the trial court to order husband to maintain insurance on the parties.

■■ Sixth, husband appeals that portion of the dissolution order which held him responsible for one-half of wife's attorney fees. Wife, however, argues that husband has waived the issue by failing to object during trial. Where a party fails to request an evidentiary hearing on the matter of attorney fees, he will not be entitled to complain on appeal regarding the award of fees. (*In re Marriage of Lord* (1984), 125 Ill. App. 3d 1, 465 N.E.2d 151.) Since husband failed to request a hearing on attorney fees at the time the order was entered, he may not now seek review of this issue. Consequently, we deem the issue waived and refuse to address the substantive merits.

■■ Finally, in the judgment order, the trial court ordered husband to maintain life insurance in such amount as may be reasonably necessary to provide funds for the college education expenses of two children.

Husband, however, cites no authority nor makes any reference to the record with respect to this issue.

Supreme Court Rule 341(e)(7) (103 Ill. 2d R. 341(e)(7)) provides that a litigant's brief shall contain the "contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." A contention that is supported by some argument, but by no authority whatsoever, does not satisfy the requirements of Supreme Court Rule 341(e)(7). (*In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 474 N.E.2d 911, citing *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 453 N.E.2d 1133.) The failure to meet the requirement of this rule renders the issue waived.

Affirmed.

SPITZ, P.J., and LUND, J., concur.