*In re* MARRIAGE OF ERNESTINE S. NICKS, Petitioner-Appellee, and JOHN NICKS, Respondent-Appellant.

Fourth District   No. 4—88—0212

Opinion filed December 7, 1988.

McCULLOUGH, P.J., concurring in part and dissenting in part.

William E. Harris, of Springfield, for appellant.

Randall A. Wolter, of Gibbs, Stine, Wolter, Greer & Green, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The respondent, John Nicks (John), appeals from portions of a judgment for dissolution of marriage entered by the circuit court of Sangamon County on June 24, 1986, and modified on January 6, 1988. Respondent contends the trial court abused its discretion in awarding the petitioner, Ernestine Nicks (Ernestine), (1) certain property which was inherited by respondent, but held by the parties in joint tenancy and (2) maintenance of $200 per month for 36 months. We affirm in part and vacate and remand in part.

After 20 years of marriage, Ernestine filed a petition for dissolution of marriage on July 2, 1986. The grounds were not contested and are not at issue in this appeal. A hearing on all remaining issues, including property division and maintenance, was held on December 1, 1986, and a transcript of the proceedings is part of the record on appeal. The court reserved judgment until further evidence of the value of the parties' real estate was presented.

The docket sheet reflects the court heard arguments on June 24, 1987, and a judgment for dissolution of marriage was entered the same day. By agreement of the parties, the judgment was modified on January 6, 1988. There is no transcript of the June 24, 1987, or January 6, 1988, proceedings on record, but both the original and modified orders indicate the parties' real property was divided in relevant part as follows.

The court awarded Ernestine 115 shares of bank stock, title to the marital home, title to real estate located at 1909 East Jackson Street in Springfield, Illinois, a Federal tax refund in the amount of $980, and $5,000 in exchange for her share of the title to real estate (two vacant lots) located in North Carolina. In addition, petitioner was allowed maintenance of $200 per month for 36 months. John was awarded title to the parties' commercial property (a tavern) and the North Carolina real estate.

After the January 6, 1988, order was issued, John filed a petition to reconsider, alleging the maintenance award was excessive. Ernestine filed a rule to show cause for John's failure to comply with the court's order regarding the property division. Ernestine also filed a petition for modification of the judgment of dissolution of marriage which requested title to the tavern property. On March 7, 1988, the court made the following docket entry:

"Cause called for hearing on Petition for Rule to Show Cause and Motion to Reconsider. By agreement of the parties, Rule issued. John Nicks ordered to pay one-half of his income from the tavern which total $500, the amount of $250 per month to the Plaintiff, Ernestine Nicks. The tavern has been listed with John B. Clark and if sold, Defendant agrees to pay all obligations, both present and future, pursuant to judgment upon sale. All other obligations under the present judgment are abated at this time pursuant to agreement."

John first contends the trial court erred in awarding Ernestine the property located at 1909 East Jackson Street. John argues that property was inherited by him after the marriage, thus it should have been classified as nonmarital property under the Illinois Marriage and Dissolution of Marriage Act (Act). (Ill. Rev. Stat. 1985, ch. 40, par. 101 *et seq.*) We disagree.

■ The classification of property as either marital or nonmarital is governed by section 503 of the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 503.) Generally, all property, including nonmarital property transferred into a form of coownership between the parties, which was acquired by either spouse after the marriage, but prior to a judgment of

dissolution, is presumed to be marital property. Ill. Rev. Stat. 1985, ch. 40, par. 503(b); *In re Marriage of Rogers* (1981), 85 Ill. 2d 217, 422 N.E.2d 635.

■ Section 503(b) declares the presumption may be overcome by a showing the property is nonmarital because it was "acquired by gift, legacy or descent." (Ill. Rev. Stat. 1985, ch. 40, par. 503(a)(1); see *In re Marriage of Benz* (1988), 165 Ill. App. 3d 273, 518 N.E.2d 1316.) When the property is acquired subsequent to the marriage, this burden of proof rests with the claimant spouse by "clear, convincing and unmistakable evidence." *In re Marriage of Severns* (1981), 93 Ill. App. 3d 122, 125, 416 N.E.2d 1235, 1238.

It was unnecessary for John to prove the Jackson Street property was inherited when, as the record indicates, the parties agreed John's parents gave him the Jackson Street property while he was married to Ernestine. It is also undisputed John placed title to his inherited property in joint tenancy with Ernestine. This court must initially determine the effect of that act.

■ "[T]he failure of a nonmarital property holder to segregate that property will give rise to the rebuttable presumption that the nonmarital property has been transmuted, regardless of the status of title." (*In re Marriage of Smith* (1981), 86 Ill. 2d 518, 531-32, 427 N.E.2d 1239, 1245-46.) A transmutation occurs when the contributing spouse evidences his intent to make a gift of the nonmarital property to the marriage by significantly changing the character of the property to marital. (*In re Marriage of Olson* (1983), 96 Ill. 2d 432, 451 N.E.2d 825; *Smith*, 86 Ill. 2d 518, 427 N.E.2d 1239; *Benz*, 165 Ill. App. 3d 273, 518 N.E.2d 1316; *In re Marriage of Preston* (1980), 81 Ill. App. 3d 672, 402 N.E.2d 332.) The affirmative act of placing title to nonmarital property in joint tenancy or some other form of coownership with a spouse will support a presumption of gift to the marital estate. (*Smith*, 86 Ill. 2d 518, 427 N.E.2d 1239; *In re Marriage of Wojcicki* (1982), 109 Ill. App. 3d 569, 440 N.E.2d 1028; *Benz*, 165 Ill. App. 3d 273, 518 N.E.2d 1316.) This presumption of marital property may be rebutted by clear, convincing, and unmistakable evidence presented by the "donor" spouse. *In re Marriage of Rink* (1985), 136 Ill. App. 3d 252, 483 N.E.2d 316.

■ Here, the property John inherited during the marriage was technically nonmarital property under the Act until John placed title to the property in joint tenancy. The affirmative act by John raised a presumption the Jackson Street property was transmuted into marital property, subject to John's rebuttal of that presumption by clear and convincing evidence. The question then becomes one of proof. Did

John present sufficient evidence to the trial court to rebut the presumption, or conversely, was the court convinced he intended to gift his inherited property to the marriage?

The trial court heard the testimony and was in the best position to observe the demeanor of the parties when they testified. When asked why he put Ernestine's name on the Jackson Street property after he inherited it, John replied,

> "Because she had never owned anything. She was always saying that this is ours. I had a whole complete house. She never owned anything. She wanted to be proud of something that she owned, so I said if that was the only problem, I would put her name on it, so I did."

The record before us does not indicate any further discussion by either party concerning John's intent when he placed title to the property in joint tenancy. The evidence presented by John does not rebut the presumption of gift. In fact, it demonstrates his intent to make a gift. It was not an abuse of discretion for the trial court to classify the Jackson Street property as marital and award it to Ernestine.

Next, John argues the trial court erred in awarding Ernestine $200 per month in maintenance for 36 months. John complains he cannot afford to maintain his ex-wife, moreover he should not be required to when Ernestine is both physically and financially able to support herself.

■ The propriety and amount of a maintenance award are matters within the sound discretion of the trial court and the award will not be disturbed on appeal unless it is against the manifest weight of the evidence or amounts to an abuse of discretion. (*In re Marriage of Wade* (1987), 158 Ill. App. 3d 255, 511 N.E.2d 156; *In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 426 N.E.2d 1066.) A maintenance award may properly be awarded to a spouse who seeks it if his property, including marital property apportioned to him, and his income are insufficient to provide for his reasonable needs or to support himself. (Ill. Rev. Stat. 1985, ch. 40, pars. 504(a)(1), (a)(3).) A determination by the trial court of the amount of such an award is to be made after consideration of all relevant factors, including the parties' financial resources, education, standard of living during the marriage, age, physical and emotional condition of the parties, and the duration of the marriage. Ill. Rev. Stat. 1985, ch. 40, par. 504(b).

■ The trial court need not provide its reasoning behind the maintenance award, but there must be a basis for the award in the record (*In re Marriage of Aslaksen* (1986), 148 Ill. App. 3d 784, 500 N.E.2d 91), and the record must indicate to some extent the trial

court's reasoning when it exercised its discretion to award maintenance. *In re Marriage of Chalkley* (1981), 99 Ill. App. 3d 478, 426 N.E.2d 237.

Testimony from the hearing of December 1, 1986, indicated the parties had been married for 20 years. Ernestine testified her then current income was $630 per month and her monthly expenses were approximately $600. She earned additional part-time income as a beautician, earning between $600 and $1,000 per year.

John, a cement finisher by trade, testified his job was seasonal and provided an hourly wage of $16.73. If John worked 40 hour weeks, he earned approximately $2,676 per month. An unsigned affidavit provides conflicting evidence that John made between $800 and $1,200 per month while employed as a cement finisher. In addition to labor earnings, John received $300 in monthly tavern rental income. John testified his monthly expenses were approximately $900.

The trial court also heard testimony regarding the value of the parties' real property, but the evidence was conflicting and incomplete. The court commented as follows:

"I want to do a fair and equitable job, and that is just not saying give the tavern to him and give the house to her. What those things are worth might add into whether she gets maintenance or whether it is only temporary maintenance, so I don't think either one of you are done, and I think it would be unconscionable for me to divide up the real estate based on what you have told me here."

The court refused to enter judgment until more evidence was presented regarding the value of the real estate at issue.

The docket sheet indicates that after further proceedings were held and additional evidence was presented the court was able to divide the real property and award Ernestine maintenance of $200 per month for 36 months. Unfortunately, the parties neglected to provide this court with a report of the proceedings or, if unobtainable, a Supreme Court Rule 323(c) bystander's report (107 Ill. 2d R. 323(c)) to aid us in discerning the basis for the maintenance award and the reasonableness of the amount.

Further confusing this matter is the March 7, 1988, docket entry which seemingly modifies the maintenance portion of the final judgment of dissolution of marriage entered on January 6, 1988. John's modified obligation is now $250 per month. Upon sale of the tavern and from the proceeds, John is to pay off both his present and future obligations to Ernestine. Neither party discusses the impact of this order and John's brief ignores it entirely.

It is impossible for a court of review to render an informed decision as to the propriety of a trial court's decision in a case of this nature without a more complete record. (See *Chalkley*, 99 Ill. App. 3d 478, 426 N.E.2d 237.) From the record before us we could possibly justify a maintenance award of some type in light of the duration of the marriage and the apparent disparity in income between the parties. However, we note the trial judge refused to make such a decision as to maintenance or property distribution with the same information before him at the December 1, 1986, hearing. Only after the trial court heard additional evidence, the content of which is unknown to this court, did it enter an order which dissolved the marriage, divided the marital property and awarded Ernestine maintenance. On March 6, 1988, the court again heard arguments and evidence from which it was apparently convinced that a substantial change in circumstances warranted further modification of the maintenance award. (Ill. Rev. Stat. 1985, ch. 40, par. 510(a).) The record is silent as to the reason for the modification.

We are unable to assess the validity of the trial court's order awarding maintenance on such a scanty and confusing record. Normally, any doubt arising from the incompleteness of the record will be resolved against the appellant. (*Berner v. Kielnik* (1983), 117 Ill. App. 3d 419, 453 N.E.2d 729.) However, because of the compounded confusion caused by the March 7, 1988, docket entry, we find it necessary to remand this case to the trial court so that the rationale behind its decision to award maintenance and the terms of that award can be made a part of the record. Until then, this court is not in the position to determine whether the maintenance award, as originally entered or as apparently modified by docket entry, was an abuse of discretion.

We affirm the January 6, 1988, order of the circuit court of Sangamon County as to the division of property. We vacate the March 7, 1988, docket order and remand this case for action consistent with this opinion.

Affirmed in part; vacated and remanded in part.

GREEN, J., concurs.

JUSTICE McCULLOUGH, concurring in part and dissenting in part:

The circuit court's order as to division of the property should be affirmed. I cannot agree that this cause should be remanded for fur-

ther hearing on maintenance.

First, it is the appellant's responsibility to see that there is a proper record for review. A failure to do so is sufficient reason to affirm the trial court in this instance.

The respondent argues on appeal that the trial court abused its discretion in awarding petitioner $200 per month as maintenance by order of January 6, 1988. There is no present order of the court requiring maintenance of $200 per month for 36 months. The docket entry of March 7, 1988, ordered the respondent to pay "one-half of his income from the tavern which totaled $500, the amount of $250 per month to the plaintiff, Ernestine Nicks. *** All other obligations of the present judgment are abated at this time pursuant to agreement." The issue is not whether the respondent was to pay $200 per month for 36 months. The respondent does not question the court's order of March 7, 1988.

There is no reason for remand. It is clear the trial court held hearings. A remand simply means, Mr. Trial Judge, you transcribe or prepare a bystander's report on the matters heard, which justifies your decision, because a report of proceedings was not provided by the respondent.